## MILLER *versus* GODDARD.

Where one has contracted to labor in the service of another during a given time, at a specified rate of wages, if he be discharged by his employer, before the expiration of the time, without justifiable cause, he is entitled to recover damages.

But if he voluntarily quits the service before the expiration of the time, without justifiable cause, he can recover nothing for his previous labor.

In a case, presented on exceptions, it is the province of the Court to decide, not upon the general merits of the case, but merely upon the legal correctness of the proceedings excepted to.

ON EXCEPTIONS from the District Court, HATHAWAY, J.

ASSUMPSIT, for labor performed.

The plaintiff worked for the defendant in the woods, three or four months. Both parties admitted, that the labor was performed under a contract for a longer term at an agreed price per month. The plaintiff insisted, that the defendant discharged him without cause. On the other side it was insisted, that the plaintiff voluntarily quit, without fault or consent of the defendant. Upon these questions, evidence was introduced.

The Judge instructed the jury that, if the plaintiff agreed to work during the lumbering season, and left before that time was out, without the fault or consent of the defendant, he could still recover his wages for the time he did perform,

deducting therefrom the damages, if any, which such leaving caused to defendant, (unless the damage thus caused to defendant, was equal to, or exceeded the amount of plaintiff's wages due at the time when he left, in which case plaintiff could recover nothing, and their verdict would be for defendant.)

The verdict was for the plaintiff, and the defendant excepted.

*Peters*, for the defendant.

The plaintiff's contract was an entirety. Its full performance was a condition precedent to his recovery. The cases, establishing this principle are too numerous for citation. I beg leave, however, to present the cases in Massachusetts. *Olmstead* v. *Beale*, 19 Pick. 528 ; *Rice* v. *Dwight Manuf. Co.* 2 Cush. 80 ; *Faxon* v. *Mansfield*, 2 Mass. 147.

The decisions in Maine are not in conflict with the doctrine, but rather confirmatory of it. 17 Maine, 38 ; 2 Fairf. 54 ; 31 Maine, 555.

The case of *Britton* v. *Turner*, 6 N. H. 481, is obviously against us. But that decision, so far from being founded on the law, was but an evasion of all law, and in conflict with the whole current of authorities, and was founded somewhat, as the case itself shows, upon some local usages.

The instruction in this case would defeat all confidence in contracts. It confuses principles, applicable to this class of cases, with those applicable to another class, such as that in 7 Pick. 181, which, as is said in 19 Pick. before cited, are exceptions to the rule ; cases where there have been a substantial performance and an acceptance of that performance with its deviations.

In such cases, the keeping of materials, or labor and materials, even if varying from the contract, holds the party to pay for them, if they *can* give them up, but choose to keep them, and be benefited by them.

But in a case of this kind it cannot be said we have the benefit of partial services, and can restore those services. We cannot deliver the labor back, we could an unfinished

article of property, a carriage, a house, a bridge. We could refuse to take them, we cannot refuse labor already executed, and it is no fault of ours that we cannot. We did not know, when the plaintiff was performing this labor and we were receiving it, that he would refuse to finish it. We have never consented to receive and pay for labor for less than the lumbering season, and no such consent can be implied.

It makes no difference, that a man is to be paid a given sum per month for a number of months, it is a distinction without any legal difference; it is, notwithstanding, one contract entire and indivisible. Hiring a man six months for 72 dollars, is the same contract as hiring him six months for 12 dollars per month; he may be worth only 6 dollars to me for the first month, but 18 for the second.

*C. P. Brown,* for the plaintiff.

Nothing can be more transparent than that the equities of the case are with the plaintiff. The inquiry was, which of the parties broke the contract. By finding for the plaintiff, and by finding for him more than the agreed rate of wages would amount to, it is demonstrable, that the jury found the contract to have been broken by the defendant and by him only.

In view, then, of such a fact, deducible with certainty from the papers before the Court, the case will not be sent to a new trial. "In deciding upon exceptions, the Court will look to the whole case, and not disturb a verdict which is fully justified by the facts, independent of those excepted to, although the instruction may not have been fully correct." 20 Maine, 325; 1 Maine, 17; 21 Maine, 512; 28 Maine, 523.

But the instruction in this case was correct. I do not find the question to have been settled or directly presented in our own Courts. It has, however, been fully investigated and settled in our favor by the Supreme Court of New Hampshire, cited on the other side. That case is cited with approbation, and its conclusions said to be sensible and just, in the 6th Am. Ed. of Chitty on Contracts, 580. So too the prin-

ciple is recognized and established in Smith's Leading Cases. The same rule is indirectly recognized, 3 Fairf. 293 ; 8 Porter, 253 ; 11 Vermont, 510 ; 13 Wend. 276.

The opinion of the Court, SHEPLEY, C. J., WELLS, RICE and APPLETON, J. J., was drawn up by

WELLS, J. — This was an action for work performed under a special contract, in which, it was alleged, the plaintiff was to labor during the season of lumbering, at an agreed price per month.

The Judge of the District Court instructed the jury in substance, that if the plaintiff left the employment of the defendant before the contract was performed without the fault or consent of the defendant, still the plaintiff could recover his wages for the time he labored, deducting the damages, which the defendant sustained by a want of entire performance of the contract, and if they were equal to the wages or exceeded them, then the plaintiff could not recover any thing.

It is a rule of the common law, that where an entire service is to be performed, for an entire compensation to be paid at its completion, the performance of the service is a condition precedent to the recovery of the compensation. The language of such contract indicates clearly, that it is not intended by the parties that the stipulated price should be paid until the service is performed. And it is manifest, that the rule is founded in the familiar principle, that contracts should be expounded and executed according to the true and just intent of the parties. *Cutter* v. *Powell*, 6 T. R. 320 ; *Spain* v. *Arnott*, 2 Stark. R. 227. " Unless there be some express stipulation to the contrary, whenever a specific sum is to be paid for specific work, the performance or service is a condition precedent ; there being one condition and one debt, they cannot be divided." 3 Stark. Ev. 1303.

In the case of *Stark* v. *Parker*, 2 Pick. 267, which was an action for services rendered, it was held, that the plaintiff must perform the agreed service as a condition precedent to his right to recover any thing under the contract, and that

he could not renounce the contract and recover on a *quantum meruit.* The same principle is confirmed in *Omstead* v. *Beale,* 19 Pick. 528. And the law is held to be the same in *Lantry* v. *Parks,* 8 Cow. 63.

In New Hampshire, it has been thought more equitable that in such cases, the laborer, who has departed from his contract, should recover what his services were reasonably worth. *Britton* v. *Turner,* 6 N. H. 481. When the laborer has adequate cause to justify an omission to fulfil the contract, he cannot be regarded as in any fault. But it does not very well accord with the good faith, which the rules of law uniformly require, to allow him to stop at any stage of his labor, in open violation of his agreement, and still compel his employer to pay him what his services are worth. If it were permitted to the laborer to determine the contract at his pleasure, no well founded reliance could be placed, at any time, upon a due observance of it.

It is contended that this case falls within that class where work and labor and materials are furnished in the performance of contracts, like those of *Hayden* v. *Madison,* 7 Greenl. 79 ; *Abbot* v. *Hermon, Ibid,* 118 ; and *Norris* v. *School District in Windsor,* 3 Fairf. 293, and there is not a complete and full performance in all respects. But it will be found in those cases, that there was a waiver of a strict compliance or an acceptance of what was done, or that the work was done and the materials furnished, but not in the manner specified in the contract and without any intentional variation from it. *Knowlton* v. *Inhabitants of Plantation No.* 4, 14 Maine, 20.

The present case is not one of an imperfect performance, as it would be if the plaintiff had labored during the time, but had performed his labor in a negligent and unskillful manner ; but an absolute want of performance, for a portion of the time employed, is the ground upon which the instruction was based.

It is contended, that independently of the instruction under consideration, upon a correct view of the law and the facts, the plaintiff is entitled to retain the verdict. But it is not

the province of the Court, when a case is presented by excep-
tions, to decide upon its general merits, but to determine
whether the law applicable to it was correctly given to the
jury.

If the defendant discharged the plaintiff before the expir-
ation of the time for which he was employed, without justi-
fiable cause, the plaintiff will be entitled to recover all the
damages, which he has sustained, by the breach of the con-
tract; but if the plaintiff has departed from it, without
justifiable cause, he cannot recover any thing.

                                *The exceptions are sustained.*