## PETER G. PARTRIDGE *v.* CITY AND COUNTY OF SAN FRANCISCO.

STATEMENT ON APPLICATION FOR NEW TRIAL.—If a new trial on the ground of errors occurring at the trial is asked for, the statement should specify the particular errors relied on, and if it does not it should be disregarded by the Court.

ACT GOVERNING STATEMENTS FOR NEW TRIAL.—The Act of 1863, amending the one hundred and ninety-fifth section of the Practice Act, is the law governing the preparation of statements on motion for new trial made after its passage.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The facts are stated in the opinion of the Court.

*Brooks & Whitney*, for Appellant.

*Delos Lake*, and *John W. Dwinelle*, for Respondent.

By the Court, RHODES, J.

This is one of the class of cases usually called the *City Slip Cases.* The complaint contains two counts: the first being for money had and received by the defendant to and for the use of the plaintiff; and the second, for money paid, laid out and expended by the plaintiff for the defendant. Suit was commenced in April, 1855, and was brought on to trial in 1863; and on the 23d of June, 1863, the finding of the Court for the defendant was filed, and on the 2d of February, 1864, judgment was entered *nunc pro tunc* as of the 27th of February, 1863. The plaintiff moved for a new trial, and the grounds of the motion were, first, "Errors of law occurring on the trial of said cause and excepted to by the said plaintiff;" and second, "That the said decision was against law." The motion and statement were filed August 22d, 1863, and the motion being denied, the plaintiff, on the first day of October, 1863, appealed from the order denying the new trial and from the judgment.

The plaintiff now assigns for error the decision of the Court refusing to permit him to amend his complaint. It appears from the papers copied into the transcript that the plaintiff, upon his affidavit filed April 12, 1862, moved the Court for leave to amend his complaint; and that the motion was denied May 31, 1862. It appears also from the statement on the motion for a new trial, that William H. Taylor purchased the lot, that the deed was executed to him, and that he paid the purchase money which is sought to be recovered back by the plaintiff; that "on the 10th day of March, 1855,

William H. Taylor assigned his right of action to plaintiff;"
and that, on the testimony being closed, the defendant's coun-
sel insisted that there was a material variance between the
case presented by the pleadings and the evidence, the com-
plaint alleging that the defendant received the money to the
use of the plaintiff, and the evidence tending to prove that it
was received to the use of Taylor. The statement proceeds:
" The plaintiff's counsel contended that the variance should
be disregarded, or that he should be allowed to amend. The
Court ruled that it could not entertain a motion to amend, it
appearing that the plaintiff had moved for leave to amend in
the particular named, in the Twelfth District Court, while
said action was pending regularly therein, and before said
action was transferred to this Court, and that said motion had
been denied by said Twelfth District Court. The Court then
took the case under advisement, and afterwards rendered the
decision that the said variance was fatal, and therefore directed
a finding for the defendant, to which decision the plaintiff
excepted." This is all that is contained in the statement
respecting the proposed amendment.

The counsel for the defendant, in answer to the error
assigned, contends that the plaintiff's affidavit and notice of
motion to amend, and the amended complaint proposed to be
filed, if the amendment should be permitted, must be disre-
garded, because they are not included in the statement on
motion for a new trial, and because no statement on appeal
was made or settled; that the error complained of was not
excepted to; and that the statement does not specify the par-
ticular errors upon which the plaintiff intended to rely. These
objections are fatal to the plaintiff's position. The first and
second objections are apparent upon an inspection of the
record in this Court. The third objection depends upon sec-
tion one hundred and ninety-five of the Practice Act as
amended in 1863, and which took effect July 1, 1863. That
section provides, among other things, that "when the notice
designates as the ground of the motion, errors in law accruing
[occurring] at the trial and excepted to by the moving party,

53

the statement shall specify the particular errors upon which the party will rely. If no such specification shall be made, the statement shall be disregarded." The amended section of 1863 repealed by necessary implication the same section as amended in 1861, and was the law governing the preparation of the statement on motion for a new trial in this cause; and accordingly it became the duty of the Court below to disregard the statement on account of its failure to comply with the requirements of the section.

Judgment affirmed.

Mr. Justice SAWYER and Mr. Justice SHAFTER, having been of counsel, did not sit in the case.