DEXTER SAVINGS BANK *vs.* SAMUEL COPELAND,
executor of the last will of JOHN WILSON BARRON, deceased.

Penobscot.    Opinion April 25, 1881.    -

*Pleadings.    Demurrer.    Declaration in an action against an executor.*

A general demurrer to a declaration containing three counts, will be overruled
when one of the counts is good.

A count in the usual form against an executor, for money had and received by
his testate, in his lifetime, to the plaintiffs' use, containing the allegations
that the plaintiffs first presented to the executor their claim in writing and
demanded payment thereof, more than thirty days before the commencement
of the action and within two years after notice given by the executor of his
appointment, is good.

ON EXCEPTIONS to a *pro forma* ruling of the court overrul-
ing a general demurrer to a declaration. ·

(Declaration.)

"In plea of the case, for that the said Barron in his lifetime,
on the 22d day of February, A. D. 1878, at said Dexter, being
indebted to the plaintiffs, viz : the bank aforesaid, in the sum of
four thousand eight hundred and forty-two dollars and twenty-two
cents according to the account annexed, in consideration thereof,
then and there promised the plaintiffs to pay them that sum on
demand.

"Also for that the said Barron in his lifetime, on the 22d day
of February, A. D. 1878, at said Dexter, being indebted to the
plaintiffs in the sum of $4,547.08, according to the first item in
the account annexed, in consideration thereof then and there
promised the plaintiffs to pay them that sum on demand.

"Also, for that the said Barron in his lifetime, on the 22d day
of February, A. D. 1878, being indebted to the plaintiffs in
another sum of eight thousand dollars than in the same account
for money before that time had and received by the said Barron
to the plaintiffs' use, in consideration thereof then and there
promised the plaintiffs to pay them that sum on demand.

"Yet though requested, the said Barron in his lifetime, and
since his death the said Copeland never paid the said sums or any

part thereof to the plaintiffs but refused, and the said Copeland still refuses so to do, notwithstanding the plaintiffs have first presented to the said Copeland their claim in writing and demanded payment thereof, more than thirty days before the commencement of this action, and within two years after notice given by said Copeland of his appointment as executor, to the damage of said plaintiffs (as they say) the sum of eight thousand dollars," &c. &c.

Date of writ February 20, 1880.

*Josiah Crosby*, for the plaintiffs, cited : *Bennett* v. *Davis*, 62 Maine, 544 ; *Blanchard* v. *Hoxie*, 34 Maine, 376 ; *Bragg* v. *White*, 66 Maine, 157 ; *Wood* v. *Decoster*, 66 Maine, 542 ; *Neal* v. *Hanson*, 60 Maine, 84.

*D. D. Stewart*, for the defendant.

There are three counts. As to the claims alleged in the first two counts there is nothing in the writ to show that either has been presented to the executor and payment demanded as required by stat. 1872, c. 85, § 12. *Eaton* v. *Buswell*, 69 Maine, 554 ; *Trustees M. C. Institute* v. *Haskell*, 71 Maine, 487.

There is such an allegation as to the third count, but that is a count for money had and received without any specification of an item due under it.

The claim presented must be such that it could be paid on presentation and receipted as a voucher for the executor. The judge of probate would not allow as a voucher, "a receipted count for money had and received." See R. S., c. 64, § 60.

Upon other questions arising as to the first two counts the counsel cited : *Meservey* v. *Gray*, 55 Maine, 542 ; *Bennett* v. *Davis*, 62 Maine, 544.

VIRGIN, J. The third count in the declaration is one in the usual form against an executor for money had and received by his testate in his lifetime, to the plaintiffs' use (Oliv. Prec. 173, 182) ; together with the allegations rendered essential by the statute, that the plaintiffs "first presented to the said Copeland (executor) their claim in writing and demanded payment thereof, more than thirty days before the commencement of this action

and within two years after notice given by said Copeland of his appointment as executor." *Eaton* v. *Buswell,* 69 Maine, 554; stat. 1872, c. 85, § 12. Whether this allegation refers to the first and second counts, is immaterial to our present inquiry, since both parties claim that it does refer, at least, to the third count; and if that count is good, the demurrer must be overruled. *Blanchard* v. *Hoxie,* 34 Maine, 376; *Concord* v. *Delaney,* 56 Maine, 201.

The question is one of pleading and not of evidence or sufficiency of proof. The allegation that the plaintiffs presented their claim in writing does not mean that the written claim as presented was couched in the language of the count, but that it contained a statement of such a cause of action as, if proved, will sustain the count. The particular cause of action may be any one of those which may be proved under and will sustain the count. To enable the plaintiffs to secure an attachment of real estate under such a count, "a specification of the nature and amount of their demand annexed to their writ" was essential. R. S., c. 81, § 56. And a "specification of the matters to be proved in support of such a count" the defendant is entitled to on motion at *nisi prius.* Rule XI. But such specifications are no part of the count, and a judgment could be rendered as well without it as with it. The count itself discloses, as a matter of law, a sufficient statement of a good ground of action, and whether the plaintiffs will be able to establish the facts necessary to entitle them to recover remains to be seen at the trial. *Concord* v. *Delaney, supra.* The defendant can plead over under the provisions of R. S., c. 82, § 19.

*Exceptions overruled.*

APPLETON, C. J., WALTON, DANFORTH, PETERS and LIBBEY, JJ., concurred.