ELIJAH NORTON

*vs.*

CHARLES L. SOULE and another, and INHABITANTS OF SCHOOL

DISTRICT No. 2, in Eddington, Trustees.

Penobscot.    Opinion August 17, 1883.

*Trustee process.    Wages of school teacher.*

The wages of a school teacher employed for a definite time, until the expiration of which he is not by the contract entitled to receive any part of his pay, cannot be holden by trustee process until he has completed his term, or so long as there is a contingency as to his right to receive pay.

Except, perhaps, in the case of school districts maintaining graded schools, towns alone are responsible for the support of schools and liable for the payment of teachers.

ON EXCEPTIONS.

Assumpsit for necessaries.    The writ was dated February 6, 1883.

The trustees disclosed by their attorney: That the agent of the district employed the defendant, Soule, to teach the winter term of school in that district at the rate of twenty-eight dollars a month of twenty-two days " with the implied understanding as is the custom in such employment," that Mr. Soule should " recover no part of his earnings until the term of school should have been fully completed." The term commenced December 19, 1882, and was not finished February 10, 1883, when the writ was served on the trustees.

The trustees were discharged and plaintiff alleged exceptions.

*D. L. Savage,* for the plaintiff, contended that after money has been apportioned to a school district for school purposes it

belongs to the district, citing *School District* v. *Deshon*, 51 Maine, 454.

*M. Laughlin*, for the trustees, cited: *Head* v. *Merrill*, 34 Maine, 586; *Miller* v. *Goddard*, 34 Maine, 102; *Otis* v. *Ford*, 54 Maine, 104; *Dore* v. *Billings*, 26 Maine, 56; *Rolfe* v. *Cooper*, 20 Maine, 154.

BARROWS, J. There are two insuperable objections to a judgment in this case charging the school district as the trustee of the principal defendant.

1. Soule was hired "for the winter term," which at the time of the service of the writ he had not completed; and he might neglect or refuse to complete it in a way that would deprive him of his right to compensation for the service which he had rendered. Here was a contingency which would prevent the school district, if otherwise liable, from being charged as trustee in this suit. R. S., chap. 86, § 55, clause 4; *Miller* v. *Goddard*, 34 Maine, 102; *Otis* v. *Ford*, 54 Maine, 104. Nor does it help the plaintiff that Soule subsequently kept the term out; for the question must be settled upon the facts, as they existed when the writ was served on the alleged trustee. *Williams* v. *A. & K. R. R. Co.* 36 Maine, 201.

2. The school district was not the party liable for the schoolmaster's wages, nor did it have any goods, effects or credits of his in its possession. School districts are corporations of limited powers and can create no debt against themselves without statute authority. *Estes* v. *School District 19, in Bethel & Milton*, 33 Maine, 170. It does not appear that the district had any authority to raise money for the teacher's wages, or to make itself in any way responsible therefor. See R. S., chap. 11, §§ 24, 25.

The only possible exception which subsequent enactments can be said to have created to the remark of SHEPLEY, J., in *Dore* v. *Billings*, 26 Maine, 59, that "towns alone are responsible for the support of schools, and they alone are liable for the payment of the teachers," is in the case of graded schools under chap. 11, § 25. Whether that is really an exception we need not stop

now to decide. In all other cases it is as true now as it was then that the agent of the district is exclusively the agent of the town for the employment of a teacher. The money which he receives to pay the teacher, is the money of the town upon whom the duty of raising and collecting the money and paying the teachers is by law imposed. *Rolfe* v. *Inh'b'ts of Cooper*, 20 Maine, 155; *School District No. 3, in Sanford,* v. *Brooks*, 23 Maine, 545; R. S., c. 11, § 43. Except to the limited extent allowed in certain cases by R. S., of 1871, c. 11, § 25, the school district has no power to do it.

The case of *School District No. 9, in Searsport,* v. *Deshon,* 51 Maine, 454, cited for plaintiff, was brought and maintained under the peculiar provisions of R. S., of 1857, c. 11, § 54, authorizing the recovery of unexpended funds in the hands of a delinquent school agent "by an action of the case in the name of the town, *or district.*" It is not perceived that it can aid the plaintiff under the state of facts here disclosed as existing at the time of the service of this process on the trustee. The form of the disclosure is authorized by R. S., c. 86, § 28.

*Exceptions overruled.*

APPLETON, C. J., WALTON, DANFORTH, PETERS and LIBBEY, JJ., concurred.