CHASE v. ALASKA F. & L. CO.

(First Division.  Juneau.  May 5, 1903.)

No. 183.

1. NEW TRIAL—FORM OF MOTION FOR.

A motion for a new trial, in the language of the statute of Alaska, making no specification of the actual and particular grounds relied upon, is insufficient, and does not direct the attention of the court to any error.

2. CONTRACTS—MASTER AND SERVANT.

Where a servant is wrongfully discharged, but his wages are paid up to that time, he cannot recover for future installments for constructive service, but only for the breach of contract.

3. NEW TRIAL—NEWLY DISCOVERED EVIDENCE.

Newly discovered evidence to be available as the basis of a new trial (1) must have been discovered since the trial, (2) must not

be merely cumulative, or (3) go to the impeachment of witnesses. Evidence that the plaintiff, an employé of defendant corporation, was addicted to drunkenness or insurbordination, for which he was discharged, *held* not to be newly discovered evidence.

This action was tried before a jury on February 12, 1903, and the jury returned a verdict for plaintiff in the sum of $1,773. Thereafter, and within the time provided by law, on February 16, 1903, the defendant filed its motion for a new trial in words and figures as follows, omitting the caption, to wit:

"Comes now the above-named defendant, and moves the court to set aside the verdict heretofore on the 12th day of February, 1903, rendered in the above-entitled cause, and grant the defendant a new trial, for the following reasons:

"(1) The complaint in the above-entitled cause does not state facts sufficient to constitute a cause of action, and the allegations there do not support the verdict as rendered.

"(2) Surprise, which ordinary prudence could not have guarded against.

"(3) Newly discovered evidence material to defendants' defense, which it could not with reasonable diligence have discovered and produced on the trial.

"(4) Excessive damages, appearing to have been given under the influence of passion or prejudice.

"(5) Insufficiency of the evidence to justify the verdict, and that it is against the law.

"(6) Errors of law occurring at the trial, and excepted to by the defendant.

"This motion is based upon the files and records in this cause and the affidavits hereafter to be filed."

Time was requested and granted within which to file affidavits in support of the motion for a new trial, and, these having been heretofore filed, the case now comes on for hearing at this present term of court on the motion so supported.

Maloney & Cobb, for plaintiff.

W. E. Crews, for defendant.

BROWN, District Judge. It may be well first to address our attention for a few moments to the character of the motion

itself.   The pleader in this case, as in so many others in this
court, has contented himself with reciting the statutory grounds
for motion for a new trial, without setting out any specific
cause or ground therefor whatsoever.   I have frequently de-
cided that a motion for new trial in the language of the stat-
ute, making no specification of the actual and particular
grounds relied upon, is of no avail, and does not direct the
attention of the court to any error; much less does it require
the court to pass upon claimed errors occurring at the trial.

Under the California Code a statement is required to be
filed in which shall be specified the particular errors upon
which the moving party will rely.   The motion for new trial
refers to this specification, and, unless the specific error is
clearly stated, the court of nisi prius may decline to consider
them, and the appellate court will refuse to consider any error
occurring on the trial not specifically presented in such state-
ment.   Reynolds v. Lawrence, 15 Cal. 361; Walls v. Preston,
25 Cal. 61; Moore v. Murdock, 26 Cal. 524; Burnett v. Pacheco,
27 Cal. 410; Partridge v. San Francisco, 27 Cal. 417; Zeigler
v. Wells, F. & Co., 28 Cal. 265; Barstow v. Newman, 34 Cal.
91; Thompson v. Patterson, 54 Cal. 546; Crane v. Gladding, 59
Cal. 303.   These cases, and particularly Hutton v. Reed, 25
Cal. 483, not only tend to show that the specifications must be
made, but the particularity with which such specifications are
required; and appeals were frequently dismissed under the
California practice where such specifications had not been filed.
People v. Goldburg, 10 Cal. 312; People v. Comedo, 11 Cal.
70; Sayre v. Smith, 11 Cal. 129.

The specification of errors in a statement is in no sense an
assignment of errors.   An assignment of errors, as under-
stood in the common-law sense, is never used under the Code
as a part or as pertaining to the statement required by the
statute.   Hutton v. Reed, 25 Cal. 483.

Under our statute in Alaska, the matter of exceptions is

treated in sections 221, 222, and 223, Code Civ. Proc. Section 223 refers to the statement in the following language:

"The statement of the exceptions when settled and allowed shall be signed by the judge and filed with the clerk and thereafter it shall be deemed and taken to be a part of the record of the cause. No exception need be taken or allowed to any decision upon a matter of law when the same is entered in the journal, or made wholly upon matters in writing and on file in the court."

No time is fixed by our statute within which the statement here referred to shall be filed, and under our practice the statement is deemed equivalent to a bill of exceptions that may be filed at any time during the term; or, where the decision or trial is had on the last days of the term, within 30 days after the close of the term, and this time may be extended by order of the court or judge entered in term time. Whether our rules of practice are entirely in harmony with this statute may be questioned, but they seem sufficiently so to be enforced and adhered to in this behalf.

A motion for new trial must be filed within three days after the rendition of the verdict or other decision sought to be set aside, but provision is made that affidavits may be filed in support of certain grounds of motion at a later day, and the time for filing these may also be extended.

It is clear that the statement relied on by the California courts which specify the particular errors complained of can by no possibility be before this court at the time the motion for a new trial is considered. Should it be required to be filed before the motion for a new trial is to be considered by the court, and it were not so filed, then, under the California decisions, the motion for new trial would be overruled as a matter of course, and all rights of appeal as to errors occurring at the trial would be lost to the moving party. Our statute seems to contemplate that this statement should not be filed, but that the motion for a new trial itself should present the errors complained of as clearly and as specifically as the

statement required under the California Code. Section 229 of our statute determines the character of the motion for a new trial, and is in the following language:

"In all cases of motion for a new trial the grounds thereof shall be plainly specified, and no cause of new trial not so stated shall be considered or regarded by the court."

The language of this section as to the motion is fully as mandatory in its terms as the statute of California requiring the errors complained of to be specifically set forth in the statement. It therefore follows that, unless this specification of errors in motion for new trial as clearly sets forth the errors relied upon as is required by the statement referred to in the California Code, then the court at nisi prius is not required to consider or regard the same in passing upon the motion for a new trial.

I now refer to the substance of the motion, and considering the first specification briefly, which is equivalent to a general demurrer to the complaint, on the ground that the same does not state facts sufficient to constitue a cause of action. In support of this ground of the motion counsel for the defendant argued with great vigor and earnestness that the complaint is a claim for labor and services, and not for damages for breach of the contract, and cites James v. Allen County, 44 Ohio St. 226, 6 N. E. 246, 58 Am. Rep. 821. This case holds, in effect, that, "where a servant is wrongfully discharged, but his wages are paid up to that time, he cannot recover for future installments, but only for the breach of contract." The case reviews at considerable length the holdings of different courts upon questions involved. In this case, under a contract for a specified term, the plaintiff entered upon the discharge of his duty, and before the completion of the term was discharged by the defendant, as it was claimed, without any just or reasonable cause. . The defendants set up in their answer as a defense a former suit, wherein the plaintiff had recovered of the de-

fendant $205.30, and the complaint in the former case was in the exact terms of the complaint in the latter case, excepting as to the amount. The court, after discussing many of the authorities upon the various questions raised, held, as stated in the syllabus, that the party could sue for the breach of the contract, but could have but one recovery, and that would be a bar to a future suit. James recovered in the district court. The case was appealed to the Supreme Court of the state, and the plea of former recovery was sustained, and the judgment of the district court reversed.

The doctrine of constructive service for which suit could be brought lawfully, as it is claimed, at one time in England and in some of the states of the United States, seems to have been overturned as the law of England, and mainly so in the states of the Union. It is said in Moody v. Leverich, 4 Daly (N. Y.) 401, that a servant wrongfully dismissed cannot wait until the expiration of the period, and then sue for his whole wages on the ground of constructive service; his only remedy being an action on the contract of hire. Howard v. Daly, 61 N. Y. 362, 19 Am. Rep. 285.

It would seem that Alabama, Mississippi, Missouri, and Wisconsin disapprove the doctrine of constructive service.

Without further consideration of this question, it is deemed sufficient to say that the great weight of authority now is that a suit for constructive services under such conditions as are presented in the case at bar cannot be maintained. Chamberlin v. Morgan, 68 Pa. 168; Willoughby v. Thomas, 24 Grat. (Va.) 522; Chamberlin v. McCallister, 6 Dana (Ky.) 352; Whitaker v. Sandifer, 1 Duv. (Ky.) 261; Miller v. Goddard, 34 Me. 102, 56 Am. Dec. 638.

I do not therefore consider the many authorities furnished by counsel upon this question. I heartily agree with counsel for defendant as to the law of the proposition. But what does the complaint in this case show? Is it an action for

damage for unlawful discharge, or is it for constructive services? Counsel for defendant seems to think the action is one for constructive service, and not for damages for the unlawful discharge and violation of the term of hire.

The complaint in this case, after setting out the terms of the contract of hire, the wages to be paid, and alleging that the plaintiff, pursuant to the terms of the contract, entered upon the discharge of his duties thereunder, and fully performed said contract on his part until the 24th day of June, 1902, and was then and ever since has been ready, willing, and able to perform his duties as such superintendent under and pursuant to said contract, further alleges that on said 24th day of June, 1902, the defendant, without cause and in violation of said contract, discharged plaintiff from its employment, and refused to further permit him to perform said contract. Then follows an allegation as to the peculiar nature of the contract of hire, and the impossibility of the plaintiff to secure other employment of like character during the fishing season—all of which is perhaps unnecessary to the complaint. The complaint further shows that the plaintiff has been paid by the defendant all wages due up to the time of the discharge, and then follows the allegation that, by reason of the breach of the contract by defendant, plaintiff has been damaged in the following sums: Loss of wages, $1,633.33; expenses for board and lodging, $410; expense return trip to Seattle, $25—making an aggregate of $2,068.33; and prays judgment for said sum, with costs.

It may be said of that part of the complaint setting out the specific claim for loss of wages, etc., that it is an enumeration of the particular damages that plaintiff has sustained by the breach of the contract. This was an unnecessary allegation in the complaint, and, like the other, is a statement of evidential facts, and not proper as an allegation. It is this part of the complaint that is, perhaps, somewhat misleading, and that counsel for defendant contends makes it an action for constructive

:services rather than an action for a breach of contract from the discharge of the plaintiff. It may be said, perhaps, that the complaint possesses a double aspect, and that the pleader at the time of drawing the complaint was not altogether sure of the law controlling the matter, and stated such matters as he believed would entitle him to a recovery on either theory. I think a motion to strike out of the pleading all of those evidential facts following the allegation as to the breach of the contract in discharging the plaintiff might have been sustained.

So, comparing the complaint, or that part of it down to the allegation of the discharge and wrongful breach of the contract, with the precedents furnished in the law books, we find that it agrees with nearly all in stating a cause of action for a breach of the contract, except in the allegations as to the amount of damages the plaintiff has received by reason of such breach, which is supplied in a later allegation; and, while it is clear that the complaint presents this double aspect, it cannot be said that it does not state facts sufficient to constitute a cause of action even for a breach of the contract, and a violation thereof by the unlawful discharge of the plaintiff by defendant. It is the opinion of the court, therefore, that this ground of the motion for new trial is not well taken.

The next ground that the court feels bound to consider is as to newly discovered evidence. This ground of the motion in this case is supported by affidavit, and the claimed newly discovered evidence is set out in the affidavit at length. Now, it is a well settled rule of law that newly discovered evidence, to be available (1) must have been discovered since the trial, (2) must not be merely cumulative, or (3) go to the impeachment of witnesses. This has been so frequently decided by the courts that a citation of authorities in support of the proposition is unnecessary. It becomes necessary, therefore, to determine whether there is anything presented in the affidavit in

support of the motion for new trial that is in fact newly discovered evidence.

The evidence on behalf of the defendant in this case on the trial consisted practically of an affidavit made by the attorney for the defendant, which sets forth the matters which the absent witness, J. D. Carroll, would swear to if present in court. This affidavit is briefly as follows:

"That the plaintiff instead of the defendant is guilty of breaking said contract of employment; that the plaintiff failed to comply with the terms of the contract on his part, and that he was not a competent and efficient man, as he represented himself to be; that plaintiff was unable to perform the duties for which he was employed, and that he failed and neglected to perform them, and defendant was compelled to dispense with his services on that account; that the plaintiff was not prevented from securing other employment, such as he was competent to perform, by reason of the acts of the defendant."

It will be observed this affidavit goes largely to the competency of the plaintiff, and to show that he was discharged by the defendant because he was unfit for the service for which he was employed, and the names of a number of witnesses who will swear to these facts are given. The affidavit of the defendant's counsel on which he went to trial plainly shows that the question of incompetency was raised, and went to the jury as evidence. Any other testimony, therefore, bearing upon the same question, is cumulative, and not newly discovered evidence since the trial, that could be received as bearing upon the right of the defendant to a new trial at this time.

But among other matter stated in the affidavit is the fact that the plaintiff was intoxicated a very considerable portion of the time, and that his drunkenness rendered him wholly unfit for the service he had undertaken to perform under the terms of the contract of hire. As no evidence was offered on the support of the drunkenness and intoxication of the plaintiff, that might, under some circumstances, be newly discovered evidence, that would entitle the defendant to considera-

tion on this motion. It is also stated that the plaintiff was insubordinate and disobedient to those placed over him and in charge of the business of the defendant at the time. This might also be considered newly discovered evidence under some circumstances. In Darst v. Mathieson Alkali Works (C. C.) 81 Fed. 284, it is said:

"The use by a salaried employé of a corporation of insulting, disrespectful, and abusive language to any officer or superior employé thereof in connection with the duties of the former, or his refusal to obey, or his advising other employés to disobey, the orders of any superior, is ground for discharging him."

In McCormick v. Demary (Neb.) 7 N. W. 283, it is held that a master has a right, independent of an agreement to that effect, to discharge his hired servant when by intoxication he unfits himself for the full and proper performance of all his duties. But the question here is not whether drunkenness and insubordination of the plaintiff are grounds for discharge, but whether these matters as set up in the affidavit are newly discovered evidence. It is perfectly clear that counsel for the defendant at the time of the trial was not advised of the existence of this evidence, or he would certainly have included it in his affidavit for continuance; and, while they may be properly taken as matters beyond the knowledge of defendant's counsel at the time he made his affidavit for continuance, can it be said they were not within the knowledge of defendant company? Was not Carroll, the manager of the defendant, fully advised of all these facts when he discharged the plaintiff?

The affidavits filed clearly show that this knowledge was within the keeping of the general manager of the company at the time of the discharge of plaintiff, and these were among the reasons, if not the chief reasons, that induced the general manager of the defendant company to discharge the plaintiff in this case. Can we say, then, that this is newly discovered

evidence? Something that has been learned by the defendant, not by his attorney, since the trial of this case? The mere statement of the proposition is sufficient to show that this is not newly discovered evidence which comes within the purview of the statute so as to entitle the defendant's motion to be sustained on this ground.

But it is very earnestly urged in this case that the chief witness for the defendant, W. D. Carroll, could not be present at the trial; that he was hindered and delayed and unable to be present, and that because of this fact the case of the defendant practically went by default, and that the verdict obtained against the defendant is wrong and unjust, and for this reason judgment should not be awarded to the plaintiff on the verdict returned by the jury. The showing made by the affidavit of Mr. Carroll as to his inability to be present is not, in my opinion, such as entitles him or the defendant in this case to consideration at the hands of the court. Mr. Carroll claims that he went East on other important business; that he was delayed in attending to this business; that he was delayed en route by reason of heavy snows, and all such matters. But the fact is the trial of this case was delayed for many weeks (40 days) waiting for Mr. Carroll's return, and there is nothing in any of the circumstances that he presents that shows or tends to show that he might not have been present in Juneau had he made any effort to do so long before this case was tried, and that his failure to be here was purely a matter of neglect on his own part and on the part of the company. If a man whose duty it is to attend to business in court goes somewhere else to attend to other duties that he thinks more important, when he does so he takes all of the risks of a judgment being entered against him because of his absence and the absence of his testimony that may be important to a defense. I do not consider that Mr. Carroll's affidavit furnishes any reasonable excuse for his absence. It simply shows that he chose to be somewhere else

because he thought other business engagements more important, and that is all it shows. The matters set up in the affidavit are not newly discovered evidence, and the only indication of merit is that it is stated Mr. Carroll was necessarily absent. As before stated, in my opinion this does not clearly appear by the affidavit, and is wholly inconsistent with the facts of this case as shown by records.

The other grounds of the motion the court declines to consider because not stated specifically as required by the statute, save the question as to the insufficiency of the evidence; and on this latter ground the verdict cannot be disturbed.

The attorney for the defendant corporation seems to me to have done everything in aid of his client that an honorable attorney could do, first, to secure a continuance of the case, then on the trial of the same, and it is with regret that the court feels compelled to overrule the motion for a new trial because of the court's sympathy with the attorney who has so earnestly endeavored to save his client from the effects of the client's negligence and want of reasonable care for its own protection.

The motion for a new trial is overruled.