ALICE P. PREBLE, Guardian of Albert M. Preble,

*vs.*

HARVEY M. PREBLE.

Sagadahoc.   Opinion April 10, 1916.

*Nature of action when contract cannot be legally performed, or performance is prevented by sickness or death.*
*Prima facie case. Quantum meruit.*

This is an action of assumpsit, containing a quantum meruit count, brought by the plaintiff as guardian of Albert M. Preble, son of the defendant. At the conclusion of the plaintiff's testimony, counsel for the defense moved a nonsuit, which was ordered, and the plaintiff excepted.

*Held:*

1. That quantum meruit is a proper count in such cases is maintained by almost universal acceptance in modern decisions, and the decided weight of authority supports the rule that recovery may be had for the value of the services actually rendered where the performance of an entire contract for personal services if prevented by sickness or death. A circumstance that has had a decisive influence is the fact that in such case the other party has received and retains the benefit of the services.

2. At the same time the rights of the defendant are guarded with equal care, and the rule in his behalf is, that if the failure of Albert M. Preble to fulfill the contract was not caused by the fault or default of the defendant, and any damages have resulted, they may be offered by way of recoupment to reduce the compensation to which Albert M. Preble would otherwise be entitled.

3. To recover, the plaintiff assumes the burden of showing (1) that Albert M. Preble performed services which were of benefit to the defendant, beyond the amount received from the division of the proceeds of the farm; (2) that Albert M. Preble had not been paid therefor, and (3) that the benefits therefrom are still retained by the defendant. These important elements are necessary in order to establish facts from which a just and impartial verdict might be reached by the jury, and must be proved in order to justify submission of the case to a jury. In other words, the plaintiff must at least make out a prima facie case, before the adverse party may properly be called upon to answer.

The plaintiff's case is far too deficient in each of the necessary requirements to warrant submission of the same to the jury.

4. There was no evidence to support a finding for the plaintiff, and it is not shown that the order of nonsuit was erroneous and prejudicial to the plaintiff. The nonsuit was therefore correctly ordered.

Action of assumpsit containing a quantum meruit count brought by plaintiff, as guardian of her husband, to recover for certain work and labor rendered and performed for defendant. Defendant pleaded the general issue and brief statement. At close of plaintiff's testimony, counsel for defendant made a motion for a nonsuit, which was granted. Plaintiff filed exceptions. Exceptions overruled.

The case is stated in the opinion.

*Williamson, Burleigh & McLean,* for plaintiff.

*Clarence E. Sawyer,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, KING, HANSON, PHILBROOK, JJ.

HANSON, J.  This is an action of assumpsit, containing a quantum meruit count, brought by the plaintiff as guardian of Albert M. Preble, son of the defendant. At the conclusion of the plaintiff's testimony, counsel for the defense moved a nonsuit, which was ordered, and the plaintiff excepted.

The case shows that on February 5, 1905, Albert M. Preble entered into an agreement with his father to operate the homestead farm and divide the proceeds between them, and on the father's death Albert M. Preble was to have the farm.  From the date of the agreement until November, 1914, it was carried out to the satisfaction of both parties, each doing his part of the work, and receiving his share of the proceeds.

In November, 1914, Albert M. Preble became seriously ill, and in consequence wholly incapacitated for the performance of labor. Since that date, his wife, the guardian, has performed for him the conditions of the agreement, and has received the income from the farm as Albert M. Preble received it before he was incapacitated.

Such was the situation at the date of the writ.  The suit was brought without notice to the defendant, or demand for payment, other than the service of the writ.  It is claimed by the plaintiff that he is entitled to a further payment of thirty or forty dollars per month during the entire nine years. and the aggregate of his claim, is nearly, if not fully, double the value of the defendant's farm.  The father is seventy years old and in fair health.

From the evidence in the case it appears that Albert M. Preble, his wife and daughter were, at the time of the trial, and are so far as known, at the present moment, on the farm, living as they have lived for years as one family, doing such work as they chose to do, and each receiving his part of the products of the farm.  So far as the case discloses, the defendant was willing to carry out the contract.  The plaintiff shows no refusal on the part of the defendant to accommodate himself to the changed conditions during his son's illness.  On the contrary, the defendant accepted the situation and was observing the agreement as he had during the period of his son's good health, and was working as he had from the first.  What more could he do?  If the plaintiff's testimony is true, and we must assume that it is, all that the defendant agreed to do was to give

Albert M. Preble one-half of the proceeds of the farm during his life, and the farm at his death. The first part of the consideration has been paid. The amount is unknown, but it is paid. The plaintiff admits it. The other part of the consideration cannot well be paid or delivered until the time agreed upon expires. The agreement was that the farm was to be the property of Albert M. Preble on the death of the defendant.

The amount sought to be recovered is far in excess of the value of the farm. The claim set up by the plaintiff would therefore operate to do indirectly that which from the nature of things could not be done directly. If the plaintiff were to recover what she has sued for, she would take the farm on execution and dispossess the defendant, when the latter may have many years to live. The law will not do this service for the plaintiff, especially when it does not appear that the defendant has received and retains benefit for which he has not rendered full payment.

Counsel have devoted much space to a discussion of the form of action and whether or not the suit is prematurely brought. We think the action, sustained by the necessary facts may be maintained, and given the necessary facts, such action would not be premature. That quantum meruit is a proper count in such cases is maintained by almost universal acceptance in modern decisions, and the decided weight of authority supports the rule that recovery may be had for the value of the services actually rendered where the performance of an entire contract for personal services is prevented by sickness or death. A circumstance that has had a decisive influence is the fact that in such case the other party has received and retains the benefit of the services. 6 R. C. L., 979; *Parker* v. *Macomber*, 16 L. R. A., 858 (R. I.) ; *O'Connor* v. *Briggs*, 182 Mass., 389; *Water Co.* v. *Skowhegan Village Corp.*, 102 Maine, 323 ; Parsons on Contracts, 9th ed., Vol. 2, page 831 ; 6 R. C. L., 348; *Steeples* v. *Newton*, 33 Am. Rep., 705; *Lakeman* v. *Pollard*, 43 Maine, 463; *McMillan* v. *Malloy*, 35 Am. Rep., 471 ; *Knight* v. *Bean*, 22 Maine, 531.

At the same time the rights of the defendant are guarded with equal care, and the rule in his behalf is, that if the failure of Albert M. Preble to fulfill the contract was not caused by the fault or default

of the defendant, and any damages have resulted, they may be offered by way of recoupment to reduce the compensation to which Albert M. Preble would otherwise be entitled. 9 Cyc., 686: *Seretto v. Railway,* 101 Maine, 140. See *Veazie* v. *Bangor,* 51 Maine, 509.

It is evident that the contract was made in good faith, each intending to carry out his promises, and it is conceded that the defendant had performed his part, and was ready so to continue. The serious illness of Albert M. Preble intervened. Suit was brought and presents the question of the liability and rights of both parties.

To recover, the plaintiff assumes the burden of showing (1) that Albert M. Preble performed services which were of benefit to the defendant, beyond the amount received from the division of the proceeds of the farm, (2) that Albert M. Preble has not been paid therefor, and (3) that the benefits therefrom are still retained by the defendant. These important elements are necessary in order to establish facts from which a just and impartial verdict might be reached by the jury, and must be proved in order to justify submission of the case to a jury. In other words, the plaintiff must at least make out a prima facie case, before the adverse party may properly be called upon to answer.

The plaintiff's case is far too deficient in each of the necessary requirements to warrant submission of the same to the jury. Receipt of one-half of the proceeds of the farm which were the result of the combined work of Albert M. Preble and defendant is admitted, but the value of such proceeds is not shown.

This fact alone is sufficient to authorize the withdrawal of the case from the jury, especially in view of the unsatisfactory evidence tending to show the value of Albert M. Preble's services, where the witnesses called did not know, and the case does not show the amount received by Albert M. Preble under the contract, or the value of the defendant's services.

To add to the uncertainty of the case presented, it appears that Albert M. Preble had no property at the date of the contract, but now claims practically all the stock, horses, farming machinery and tools on the farm, and from the first did much work personally, and with his teams, for other parties, and received and retained the proceeds, while in much of the work he was assisted by the

defendant. Here again the amount and value of such service, and income, were not shown, a fact which gives added weight to the uncertainties attending the entire transaction, and emphasizes the fact that in the case presented there was nothing for the jury. There was no evidence to support a finding for the plaintiff, and it is not shown that the order of nonsuit was erroneous and prejudicial to the plaintiff. The nonsuit was therefore correctly ordered. *Bank* v. *Nickerson,* 108 Maine, 341.

"In making such an order the Justice does not determine any disputed questions of fact, nor does he pass upon the credibility of the witnesses, nor upon the weight of the evidence. He rules that there is no evidence to support the action. This is a ruling upon a question of law. Whether the evidence is sufficient is a question of fact. Whether there is any evidence is a question of law." *Brooks* v. *Libby,* 89 Maine, 151.

"A nonsuit is properly ordered when there is no evidence to support a finding which is essential to the plaintiff's right to recover." 109 Maine, 40; *Bryant* v. *Paper Co.,* 103 Maine, 32.

The entry will be,

*Exceptions overruled.*