NORMAN W. BEALS

*vs.*

MONTGOMERY WARD COMPANY

Kennebec.    Opinion, February 2, 1955.

*Arthur T. Eaton,* for plaintiff.

*Goodspeed & Goodspeed,* for defendant.

SITTING: FELLOWS, C. J., WILLIAMSON, TIRRELL, WEBBER, BELIVEAU, TAPLEY, JJ.

WEBBER, J.  The declaration in this case contained a single count for money had and received.  This count was followed by lengthy specifications setting forth the nature of the plaintiff's claim.  The specifications disclose that plaintiff entered into a written contract of employment with the defendant for a period of twelve months, for which he was to be paid an annual salary.  In addition to salary, at the end of the year he was to receive a percentage bonus based upon net profit from operations.  The contract further contained an express provision providing for eligibility for such bonus in event plaintiff's employment

should be terminated for any reason or he should become disabled or placed on leave of absence, and such determination of eligibility was left to the sole and final discretion of a bonus committee. The contract further provided that no such bonus, or any part thereof, should become due or payable before the end of the fiscal year. The specifications further disclose that plaintiff became dissatisfied with changing management policies of his employer and as a result became ill and voluntarily terminated his employment before the expiration of the year. The defendant seasonably filed demurrer, reserving the right to plead over in event of an adverse decision. The demurrer was overruled and defendant's exceptions bring the matter before us.

That plaintiff when put to his proof will be limited and confined to the grounds set forth in his specifications as a basis of recovery is undoubted. *Gooding* v. *Morgan,* 37 Me. 419; *Carson* v. *Calhoun,* 101 Me. 456; *Powers* v. *Rosenbloom,* 143 Me. 361. One needs only to read the plaintiff's specifications in the light of such cases as *Miller* v. *Goddard,* 34 Me. 102; *Veazie* v. *City of Bangor,* 51 Me. 509; *Norton* v. *Soule,* 75 Me. 385; *Thurston* v. *Nutter,* 125 Me. 411; *Levine* v. *Reynolds,* 143 Me. 15, and *Preble* v. *Preble,* 115 Me. 26, to recognize that there are difficulties which lie in the way of the plaintiff's ultimate recovery. Whether or not these difficulties are insuperable, we need not determine here. The defenses available to the defendant are not raised by demurrer. In cases in which specifications were not ordered by the court but were voluntarily attached to money counts by the plaintiff, this court has repeatedly held that such specifications are no part of the count and are not vulnerable to demurrer. *Dexter* v. *Copeland,* 72 Me. 220; *Baxter-Fraternity Co.* v. *MacGowan, Jr.,* 132 Me. 83; *Bean* v. *Fuel Co.,* 124 Me. 102; *Carey* v. *Penney,* 127 Me. 304. A different rule obtains where specifications are ordered by the court to be filed by the plaintiff to supplement a declaration

soundihg in tort. *Brown* v. *Rouillard*, 117 Me. 55. The count for money had and received standing alone is in proper form and withstands the demurrer regardless of the extent to which the action may appear to be self-defeating as disclosed by specifications voluntarily attached. At a proper time and in an appropriate manner the defendant may raise the defenses available to it.

The entry will be,

*Exceptions overruled.*

OPINION
OF THE JUSTICES OF THE SUPREME JUDICIAL COURT
GIVEN UNDER THE PROVISIONS OF SECTION 3
OF ARTICLE VI OF THE CONSTITUTION
\* \* \* \* \* \*

QUESTIONS PROPOUNDED BY
GOVERNOR EDMUND S. MUSKIE
IN A LETTER DATED JANUARY 20, 1955
ANSWERED FEBRUARY 2, 1955

LETTER PROPOUNDING QUESTIONS
STATE OF MAINE
OFFICE OF THE GOVERNOR
AUGUSTA

January 20, 1955

To the Honorable Justices of the Supreme Judicial Court: Under and by virtue of the authority conferred upon the Governor by the Constitution of Maine, Article VI, Section 3, and being advised and believing that the questions are important and that it is upon a solemn occasion,

I, Edmund S. Muskie, Governor of Maine, respectfully

submit the following statement of facts and the questions and respectfully ask the opinion of the Justices of the Supreme Judicial Court thereon.

## STATEMENT

WHEREAS the 95th Legislature proposed a constitutional amendment to the people by the provisions of Chapter 119 of the Resolves of 1951 (the proposed amendment attached hereto and marked Exhibit A) to raise the constitutional limitation upon municipal indebtedness found in Article IX, Section 15 of the Constitution of Maine from 5% to 7½% of the municipal valuation, *which amendment failed of ratification by the people;*

WHEREAS the 95th Legislature proposed a further constitutional amendment to the people by the provisions of Chapter 127 of the Resolves of 1951 which would add to Article IX, Section 15 of said Constitution the following exemption:

> "Long term rental agreements not exceeding forty years under contracts with the Maine School Building Authority shall not be debts or liabilities within the provisions of this article,"

*which amendment was favorably voted upon by the people,* and by proclamation of the Governor became part of Article IX, Section 15 of the Constitution aforesaid, on September 26, 1951;

WHEREAS the 96th Legislature proposed a constitutional amendment to the people by the provisions of Chapter 78 of the Resolves of 1953 (the proposed amendment attached hereto and marked Exhibit B), which had the same effect as the proposal found in Chapter 119 of the Resolves of 1951, being worded exactly the same, but which failed to include the exemption for indebtedness incurred under contracts with the Maine School Building Authority

which was previously incorporated in the Constitution of Maine, Article IX, Section 15, as aforesaid, which amendment was *favorably voted upon by the people* and proclaimed by the Governor on September 21, 1954 to be Article IX, Section 15 of the Constitution of Maine;

NOW, THEREFORE, I, Edmund S. Muskie, Governor of Maine, respectfully request an answer to the following questions:

I. Did the acceptance of the amendment of Article IX, Section 15, of the Constitution of Maine proposed in Chapter 78 of the Resolves of 1953 effectively remove from Article IX, Section 15, the exemption added by the people voting on the amendment proposed in Chapter 127 of the Resolves of 1951?

II. If the answer to Question I is in the affirmative, then the further question arises: Does the removal from the Constitution of the exemption of debts incurred under contracts with the Maine School Building Authority require that those debts which were exempt from municipal indebtedness under Article IX, Section 15, when incurred, must now be counted as part of the municipal debt of any municipality which has contracted with said Authority?

Respectfully submitted,

EDMUND S. MUSKIE
Governor of Maine

## EXHIBIT A

Constitution, Art. IX, Section 15, repealed and replaced. Section 15 of article IX of the constitution, as amended, is hereby repealed and the following enacted in place thereof:

'Section 15. No city or town shall hereafter create any debt or liability, which singly, or in the aggregate with previous debts or liabilities, shall exceed seven and one-half per cent of the last regular valuation of said city or town; provided, however, that the adoption of this article shall not be construed as applying to any fund received in trust by said city or town, nor to any loan for the purpose of renewing existing loans or for war, or to temporary loans to be paid out of money raised by taxation, during the year in which they are made.'

## EXHIBIT B

Constitution, Art. IX, Section 15, repealed and replaced. Section 15 of article IX of the constitution, as amended, is hereby repealed and the following enacted in place thereof:

'Section 15. No city or town shall hereafter create any debt or liability, which singly, or in the aggregate with previous debts or liabilities, shall exceed seven and one-half per cent of the last regular valuation of said city or town; provided, however, that the adoption of this article shall not be construed as applying to any fund received in trust by said city or town, nor to any loan for the purpose of renewing existing loans or for war, or to temporary loans to be paid out of money raised by taxation, during the year in which they are made.'

## ANSWER OF THE JUSTICES

To the Honorable Edmund S. Muskie, Governor of Maine:

The undersigned Justices of the Supreme Judicial Court, having examined the facts stated in your communication of January 20, 1955, are unanimously of the opinion that on September 26, 1951 the Constitution of Maine, Article IX, Section 15 as then amended and then proclaimed by the Governor, fixed the limitation upon municipal indebtedness at 5 per cent of the valuation, except that contracts with the Maine School Building Authority for long term rental agreements not exceeding forty years, and certain other stated

exceptions relating to trusts and loans, should not be debts or liabilities within the provisions of the Article.

On September 21, 1954 by amendment to said Article IX, Section 15, favorably voted upon by the people and on that date proclaimed by the Governor, the whole of said Section 15 as previously amended was repealed, and by new provision the municipal debt limit was increased to $7\frac{1}{2}$ per cent of the valuation. There was no provision in this amendment of September 21, 1954 relative to contracts with the Maine School Building Authority. The provision relating to exemptions from the debt limit of contracts with the Maine School Building Authority was repealed, and it was not readopted, as were previous provisions relating to trust funds, renewal of certain loans, war loans, and temporary loans. Any contracts between municipalities and the Maine School Building Authority entered into between September 26, 1951 and September 21, 1954, within the terms of the provision adopted in 1951, would not be affected by the amendment proclaimed on September 21, 1954.

The debts and liabilities of a municipality incurred under contracts with the Maine School Building Authority, which were exempt from municipal indebtedness when incurred, are not a part of the municipal debt of the municipality within the limitation of the Constitution.

We, therefore, answer the questions presented as follows:

Question I. Did the acceptance of the amendment of Article IX, Section 15, of the Constitution of Maine proposed in Chapter 78 of the Resolves of 1953 effectively remove from Article IX, Section 15, the exemption added by the people voting on the amendment proposed in Chapter 127 of the Resolves of 1951?

Answer to Question I: We answer in the affirmative.

Question II. If the answer to Question I is in the affirmative, then the further question arises: Does the removal from the Constitution of the exemption of debts incurred under contracts with the Maine School Building Authority require that those debts which were exempt from municipal indebtedness under Article IX, Section 15, when incurred, must now be counted as part of the municipal debt of any municipality which has contracted with said Authority?

Answer to Question II: We answer in the negative.

Respectfully submitted:

RAYMOND FELLOWS
ROBERT B. WILLIAMSON
FRANK A. TIRRELL, JR.
DONALD W. WEBBER
ALBERT BELIVEAU
WALTER M. TAPLEY, JR.

Dated at Bangor, Maine, this 2nd day of February, 1955.