FREDERICK A. MARSTON *versus* DANIEL KNIGHT.

Where one, though without fraud, sells property with a warranty of its quality, the vendee may rescind the contract, if the property be not of the warranted quality.

REPLEVIN for a bay mare. At the trial before WELLS, J. the plaintiff showed that he swapped the mare in controversy for an iron gray horse, and paid defendant fifteen dollars for the exchange. There was testimony tending to show that the defendant, at the time of and before the exchange, represented said gray horse to be sound, and by one witness, that he said the horse was sound, and that the exchange was made in the evening by candle light ; and that plaintiff relied upon defendant's representations of soundness.

It also appeared that several witnesses saw the gray horse on the next morning after the exchange, and that he had the heaves very badly, and consequently was of little value. It also was shown, that he had had the heaves for several years previous, and there was testimony tending to show that the defendant knew of the defect at the time of the exchange.

It appeared that, on the next day after the exchange, the plaintiff went with the horse to the defendant and requested him to take him back on account of his unsoundness, and left him with the defendant and demanded the mare. The defendant refused to receive the horse or deliver the mare.

The defendant introduced testimony tending to show, that the horse was valuable, and when fed on wet hay, did not exhibit the heaves except at intervals. He also introduced much testimony to show that he could not have known the horse was unsound, and by one witness, that his words were, " the horse was sound as far as he knew."

Among other instructions to the jury, the Judge said, if they

were satisfied that the defendant represented the gray horse to be sound absolutely and unqualifiedly, even if he did not know the horse was unsound, when in fact he was unsound; or if he represented him to be sound as far as he knew, when in fact he was unsound, and the defendant knew him to be unsound; and that the plaintiff relied upon those representations and they were not mere matters of opinion; in either case, the plaintiff would be entitled to recover; but if they found otherwise, their verdict should be for the defendant.

A verdict was found for the plaintiff, and exceptions were taken to this ruling.

*Butler* and *G. F. Shepley*, for defendant.

A mere breach of warranty, without fraud, would not entitle the plaintiff to rescind the contract of exchange and recover back the horse in an action of replevin. Long on Sales and notes, p. 126. *Kaze* v. *Johnson*, 10 Watts, 109; *Voorhees* v. *Earl*, 2 Hill, 288; *Carey* v. *Grayman*, 4 Hill, 626; 12 Wheat. 193.

In order to rescind a contract not executory, and one in which there is no agreement to rescind, fraud must be shown and found by the jury to have been practiced at the inception of the contract. But there was nothing in the instructions about fraud.

But if the Court should be of opinion, that the question of fraud was submitted to the jury with sufficient distinctness, then we contend, that if the jury found that defendant made an absolute and unqualified representation, as a matter of fact and not as mere matter of opinion, that said horse was sound, when in fact he was unsound, and the plaintiff relied upon said representation, still this would not constitute fraud in fact or in law, unless the defendant knew said horse to be unsound.

But the case, (if submitted at all on the ground of fraud,) was submitted as a fraud in law or constructive fraud. The jury were instructed, that if they found certain facts, they were bound to return a verdict for the plaintiff. No case, it is believed, can be found that has carried the doctrine of constructive fraud, so far as this.

The degree of fraud necessary for the rescision of a contract is laid down by C. J. MELLEN, in *Cross & al.* v. *Peters,* 1 Greenl. 336, and it must render the party subject to an indictment, or at least subject him to an action of deceit.

The language of nearly all the cases is, that the *scienter* by the vendor must be proved.

The cases in 18 Pick. 109, and 4 Metc. 151, are not similar to this, for the defendant had means of information and used them, and even if they did apply in principle, this cause was not put to the jury on the grounds set forth in those cases.

*A. W.* and *J. M. True,* for plaintiff.

WELLS, J. — The question raised in this action is, whether in case of a warranty, or representations, which amount to a warranty, by the defendant, upon an exchange of horses between the parties, and there is a breach of the warranty of soundness, but no fraud on the part of the defendant, the plaintiff can rescind the contract, and recover back his horse.

There appears to be some conflict in the authorities upon this question.

In *Emanuel* v. *Dane,* 3 Camp. 299, which was an action of trover for a watch, that the plaintiff had exchanged with the defendant for a pair of candlesticks, warranted to be silver, but turned out to be of base metal, and upon a return of the candlesticks to him, the defendant refused to deliver up the watch, Lord Ellenborough decided, that the contract might be rescinded for fraud in the defendant, but if there was no fraud, the watch remained the property of the defendant, though the plaintiff might recover damages for a breach of the warranty, and that he could not try a question of warranty in an action of trover.

In *Blay* v. *Street,* 2 Barn. & Adol. 456, a similar doctrine was held by Lord Tenterden. In that case, the defendant had warranted the horse to be sound, but the plaintiff, after the purchase, had sold him to a third person without warranty, and had repurchased him, at fifteen pounds less than he gave the de-

fendant for him, and then, after seven days from the time he had received the horse of the defendant, offered to return him. The plaintiff having sold the horse, and made a profit by him, his right to rescind the contract was denied. And it is also said in that case, that a contract cannot be rescinded, upon a breach of warranty, without fraud. *Power* v. *Wells*, 2 Cowp. 818, was decided upon the same principle. But in *Curtis* v. *Hannay*, 3 Esp. 82, lord Elden says, he took it to be clear law, that if a person purchases a horse which is warranted, and it afterwards turns out, that the horse was unsound at the time of the warranty, the buyer might, if he pleased, keep the horse and bring an action on the warranty, or he might return the horse and bring an action to recover the full money paid ; but in the latter case, the seller had a right to expect that the horse should be returned in the same state he was when sold, and not by any means diminished in value.

In *Buchanan* v. *Farnshaw*, 2 T. R. 745, which was an action on a warranty against the seller, and upon a discovery of a breach of the warranty, the horse sold was offered to be returned. Lord Kenyon said there is no doubt but the defendant ought to have taken the horse again.

In 2 Kent's Com., 480, it is said, in the case of a breach of warranty, the vendee may sue upon it without returning the goods ; but he must return them and rescind the contract in a reasonable time, before he can maintain an action to recover back the price. An offer to return the chattel in a reasonable time, on breach of warranty, is equivalent in its effect upon the remedy, to an offer accepted by the seller, and the contract is rescinded, and the vendee can sue for the purchase money, in case it has been paid.

The rule is laid down in 2 Stark. Ev., 644 to be, that the vendee upon breach of warranty may rescind the contract, and recover back the consideration paid.

The principal objection, made to an action of assumpsit to recover the consideration paid, when the chattel has been returned or offered to be, for a breach of warranty, is, that the defendant would not have notice of what was to be tried.

Marston *v.* Knight.

*Payne* v. *Whale*, 7 East, 275. But it is well settled, that such an action can be maintained where the contract is rescinded for fraud, although the declaration in the writ does not disclose the grounds of it. The inconvenience arising from want of notice may be obviated by a bill of particulars, or by a continuance, when a party is really surprised by the exhibition of evidence, which he had no good reason to expect. Such objection has not prevailed in those numerous cases, where assumpsit, upon the general counts, not disclosing the cause of action, has been allowed.

There does not appear to be any good reason why a purchaser should be compelled to retain a chattel, purchased upon a warranty, which is broken, and be put to his action for damages, when it may be altogether unsuitable to his wants, and not possessing those essential qualities absolutely necessary to make it useful to him. He relies upon the warranty, and the breach of it is equally injurious to him, whether the seller acted in good or bad faith.

A chattel warranted to be sound, if not sound, does not correspond to what the warrantor affirms, and though he may not have conducted *mala fide*, the whole detriment growing out of his affirmation, should be suffered by him. As the purchaser is in no fault, he ought to be allowed to pursue that course, by which he can be most expeditiously relieved from the injury done to him, to restore the chattel, and reclaim the price.

There does not exist any difference in principle between an exchange and a sale, as to the right to rescind, and the consequences following the exercise of it. Whether the price is paid in money or goods for the chattel warranted, the breach of the warranty is to be regarded in the same light, and the contract being rescinded, either can be recovered back, by an appropriate remedy.

The plaintiff, having rescinded the contract, can maintain replevin for his horse, which had been delivered to the defendant, for a horse warranted to be sound, but which was unsound at the time of the exchange.

*Exceptions overruled, and judgment on the verdict.*