## GOODING *versus* MORGAN.

If one, with a full knowledge of all the facts, or with the means of knowledge, voluntarily pays money under a claim of right, he can maintain no action to recover it back.

A *negotiable* note given for an account operates as payment.

And when a *negotiable* note is given for an account which had previously been paid, through mistake and without a knowledge of such previous payment, an action accrues immediately to recover back such second payment.

Nor would this right of action be lost by a voluntary payment of the *note,* after the party had learned the facts of its being a double payment.

But no action can be maintained to recover back the money paid to discharge *such note.*

In a writ containing only the money counts, the proofs are limited to the bill of particulars.

ON EXCEPTIONS from *Nisi Prius,* WELLS, J., presiding.

ASSUMPSIT. The writ contained the money counts only. The plaintiff filed the following specification. — " The plaintiff claims $125, which was paid by him to defendant, in full of a note for that sum, dated Dec. 13, 1851, given by plaintiff to defendant, and payable in May following, under a mistake of the fact, that said sum had been previously paid by plaintiff to defendant on account. B. Freeman, plaintiff's attorney, March 31, 1853." A copy of this spe-

cification was served on the defendant's attorneys on the day of its date.

The parties had had dealings together as part owners of the schooner "Tremont," built in 1847.

The plaintiff introduced the note referred to in his specification, also a copper bill of Hammond & Nash, against said schooner and owners, of $182,06, in the spring of 1847, which was paid to them by defendant on Jan. 13, 1849, as appeared by their receipt on the bill, and the same bill purported to be receipted as paid to the defendant by plaintiff, on the day of the date of the note aforesaid.

The plaintiff also introduced a receipt of the defendant, of the following tenor. — "March 2, 1848. Received of Joseph Gooding one hundred and eighty-two dollars and six cents, in full for a bill of copper which I paid Messrs. Hammond & Nash, for schooner Tremont, and also one hundred and sixty-four dollars and fifty-seven cents, for the income of schooner Tremont.          " Pitman Morgan."

He also introduced testimony tending to show, that at the time the note was given, the defendant brought the copper bill to plaintiff and claimed it to be due, that he finally took the note of $125, but agreed to give it up if the plaintiff could find the receipt, the plaintiff denying that he owed it, and that much search was made for the receipt at about the time the note was given, but could not then be found.

The defendant introduced testimony, tending to show, that the note was given on a settlement of the matters pertaining to the schooner, and that the copper bill was not receipted by defendant until the note was paid, and then at the instigation of the plaintiff.

The counsel for defendant requested the presiding Judge to instruct the jury: — 1. *That,* if the plaintiff paid the note with a full knowledge of all the facts, it was a voluntary payment, and he is not entitled to recover back the money so paid.

2. *That,* upon the state of facts as testified to by the witnesses of the plaintiff, he is not entitled to recover.

The Judge declined to give the requested instructions, but said to them, *that* it was incumbent on the plaintiff to prove, that the note was given for the account of 1848, which it appeared had been previously paid ; that if the note was given with an agreement, that if the receipt of 1848 was found, the note should be given up; the plaintiff would have a right to pay the note, if the defendant required payment, and bring an action to recover back the money, although he had found the receipt before he paid the note, and did not claim to set it off against the note, and notwithstanding the note was over due and in the hands of Morgan when he paid it.

A verdict was returned for plaintiff, and exceptions taken by defendant.

*Shepley & Dana*, in support of the exceptions.

The instructions requested should have been given. They are fully sustained by the decisions. *Forbes* v. *Appleton*, 5 Cush. 115; *Preston* v. *Boston*, 12 Pick. 7; *Brown* v. *McKinally*, 1 Esp. 279; *Marriott* v. *Hampton*, 2 Esp. 546; *Benson* v. *Munroe*, 7 Cush. 128.

The instructions given are in direct opposition to the cases cited, and are erroneous.

Plaintiff's excuse for having given the note is not *mistake*, but negligence.

The fact was simply, that the defendant said he would pay the money if convinced it had been previously paid. And the case shows, that plaintiff did not try to convince him or show him any receipt.

*B. Freeman*, for plaintiff.

SHEPLEY, C. J. — To entitle the plaintiff to recover by the instructions given, the jury would be obliged to find, that an account due from plaintiff to defendant had been paid before the plaintiff gave to the defendant a negotiable note on account of it. If they so found, the plaintiff would, by the instructions, be entitled to recover, although he had discov-

ered the error and the means of proving it, before he paid the note, then over due and in possession of the defendant.

The law is regarded as settled in this State, if one with a full knowledge of all the facts, or with the means of knowledge, voluntarily pays money under a claim of right, that he cannot recover it back. By the law, as administered in England and in many of the United States, the money paid by the plaintiff could not, under any aspect, under which the case could be viewed, be recovered back. But by the law, as administered in this and some other of the States, the negotiable note operated as payment of the account in full or in part; and if that account was thereby paid a second time, under a mistake and without a knowledge, that it had been previously paid, a right of action immediately accrued to the plaintiff, to recover back the amount so paid a second time. This right of action would not be destroyed by a voluntary payment of the note, after a knowledge of the double payment had been obtained. This is, what distinguishes the cases of *Dole* v. *Hayden*, 1 Greenl. 152, and of *Whitcomb* v. *Williams*, 4 Pick. 228, from the cases cited by defendant's counsel.

When the note was paid, it appears to have been paid with a full knowledge of all the facts, and the money paid for that purpose cannot be recovered back. The defendant's promise to deliver it up, if the receipt was found, only constituted an additional ground of defence. It is only by adhering strictly to the distinction between a payment made on the account, by giving the note, and a payment made months afterward, to pay the note, that the action can be maintained. The plaintiff cannot be permitted for one purpose to allege those two payments to be in substance the same, and for another purpose to allege them to be substantially different. The amount to be recovered back might be substantially different by the interest, that might have accrued upon the note.

The first requested instruction should therefore have been given. More especially when it appears, that the declara-

tion contained the money counts only; and that a bill of particulars was filed, claiming only to recover back the money paid to pay the note.

Such specification is not required to be exact in form. It must truly state the ground of claim, the gist of the action. It limits the proof, and restricts the right of recovery to that claim. *Parker* v. *Emery,* 28 Maine, 492; *Babcock* v. *Thompson,* 3 Pick. 446; *Smith* v. *Kirby,* 10 Met. 150; *Brown* v. *Williams,* 4 Wend. 360; *Starkweather* v. *Kittle,* 17 Wend. 20.

According to the terms of the report, the verdict must be set aside. *Verdict set aside and new trial granted.*

HOWARD, RICE, HATHAWAY and CUTTING, J. J., concurred.