BENJAMIN N. THOMS & another *vs.* JAMES B. DINGLEY & another.

Penobscot.    Opinion June 23, 1879.

*Sale. Personal property. Warranty. Damages,—measure of.*

The common doctrine applicable to all cases is, that the damages recoverable shall be the natural and proximate consequence of the act complained of. Within this general definition other rules exist,—rules within a rule.

The ordinary measure of damages applying to warranty of personal property is the difference between the actual value of the articles sold and their value if they had been such as warranted.  Additional damages, however, are sometimes recoverable, if specially declared for, and such as may reasonably be supposed to have been contemplated by both parties when the contract was made as a probable result of a breach of it.

The defendants, manufacturers and vendors of carriage springs, sold to the plaintiffs several sets of springs to be used by them in the construction of carriages, warranting them to be of the best of steel: *Held,* that the parties must be supposed to have intended a warranty that the articles were fit and suitable for the particular purpose for which they were ordered and sold, and that the defendants were liable to the plaintiffs for the necessary expenses of taking out of the carriages, in which they were placed, some of the springs, which proved defective, and inserting others in place of them; such damages, though special or consequential, not being regarded as uncertain, speculative or remote.

ON EXCEPTIONS.

ASSUMPSIT on contract of warranty of six sets of carriage springs sold by defendants to plaintiffs, January 30, 1872, at the price of $43, and used by plaintiffs in the construction of six carriages.

Plaintiffs claimed special damages in one count of the writ.

Plea, general issue.

At the trial, plaintiffs introduced testimony tending to show that in January, 1872, they were, and for a long time before had been, in the business of manufacturing carriages in Bangor, and that their business was known to the defendants; that in the early part of said month they ordered to be made and sent to them by the defendants, manufacturers of carriage springs in Gardiner, six sets of carriage springs of certain dimensions, to be made of the best of steel; that said springs were ordered by plaintiffs for use in the construction of carriages, and that defendants knew that said springs were ordered and intended by plaintiffs for such use;

that springs of the dimensions ordered were sent by defendants to plaintiffs, and were warranted by defendants to be of the best of steel; that said springs were used by plaintiffs, as of the best of steel, in the construction of new and valuable carriages, which plaintiffs sold to various parties, warranting the same to be good and serviceable; that the steel in said springs was not of the best, but of a very poor quality, and unfit for a carriage spring; that, in consequence of the defective quality of their steel, the springs in five of the six carriages so constructed broke very soon after their sale, and that plaintiffs were subjected to an expense of sixty dollars for work, necessary in taking out, repairing and replacing said broken springs at different times, and claimed to recover the same.

Upon the question of damages, the presiding judge gave the jury the following instructions:

" The measure of damages is the difference between the springs as they were and as they should have been. I know of no other rule. If the price was the fair one, the usual price, why then the limit of damages could not exceed the price, because they could not be more than worthless. If they were to be repaired, and the repairs made them as good as new, then the cost of repair in that particular case, not exceeding the price at which they could have been purchased, would be the damage, if, being repaired, they were as good as new. If they were worthless, five of them, the measure of damages would be the value of them, the price paid, with interest from the date of the writ up to the present time."

Verdict for plaintiffs for nineteen dollars; and the plaintiffs alleged exceptions.

*J. Varney*, for the plaintiffs.

*L. Clay*, for the defendants, contended that the instruction upon the question of damages was correct, and cited *Moulton* v. *Scruton*, 39 Maine, 287. Story Con. 344, § 552. Sedg. Dam. (5 ed.) 655–658. *Stiles* v. *White*, 11 Met. 356. *Wright* v. *Roach*, 57 Maine, 600.

Neglect to give particular instructions not requested is not

ground for exception. *Gardner* v. *Gooch*, 48 Maine, 487. *Darby* v. *Hayford*, 56 Maine, 246. *Willey* v. *Belfast*, 61 Maine, 569.

PETERS, J. The defendants, manufacturers and vendors of carriage springs, sold to the plaintiffs, carriage builders, six carriage springs, knowing that the plaintiffs were to use them in the construction of carriages, and warranted them as made of the best of steel. They turned out to be of poor material, and unfit for the purpose for which they were intended and used. In this action on the warranty, the plaintiffs claim to recover, having declared therefor specially, the expenses to them of taking out of the carriages into which they were placed some of the defective springs and fitting new ones in place of them.

The common doctrine applicable to all cases is, that the damages shall be the natural and proximate consequence of the act complained of. They are general damages when the necessary and natural consequence. If they are the natural but not the necessary consequence of the act complained of, then they are special damages, and must be specially set forth in the declaration. *Furlong* v. *Polleys*, 30 Maine, 491, and cases there cited. This is an ancient and very general doctrine. The difficulty is to determine when cases fall within and when without the definition. That must often be settled by other rules of a more definite character. There must be rules within the rule. In the growth and advancement of the law, rules have been adopted to meet the necessity.

Ordinarily, the measure of damages applying to warranty of personal property is the difference between the actual value of the articles sold and what they would have been worth if as warranted. *Wright* v. *Roach*, 57 Maine, 600. But this is not an invariable standard. It is not always adequate to produce just results. There are cases where more extended damages are recoverable for special or consequential or exceptional losses.

The rule that embraces cases of special damages is the one formulated in the case of *Hadley* v. *Baxendale*, 9 Exch. 353. Alderson, B., there said: " Where two parties have made a con-

tract which one of them has broken, the damages which the other party ought to receive in respect to such breach of contract, should be either such as may fairly and reasonably be considered as arising naturally, that is, according to the usual course of things from such breach of contract itself, or such as may reasonably be supposed to have been in the contemplation of both parties at the time they made the contract, as the probable result of the breach of it. Now, if the special circumstances under which the contract was actually made were communicated by the plaintiff to the defendant, and were thus known to both parties, the damages resulting from the breach of such contract, which they would reasonably contemplate, would be the amount of injury which would ordinarily follow from the breach of the contract under those special circumstances so known and communicated." More could profitably be quoted from the case, if space permitted.

The principles laid down in *Hadley* v. *Baxendale* have been applied in many cases, and in the main been approved by many courts. In *Griffin* v. *Colver*, 16 N. Y. 489, in discussing the English case, Selden, J., observes that " the damages must be certain, both in their nature and in respect to the cause from which they proceed." In our own state any rule giving uncertain and speculative damages has been uniformly rejected. Damages have not been allowed which consisted of profits expected to arise out of collateral or independent contracts, nor for losses accidentally occasioned or supposed to be occasioned in one's business or affairs. *Bridges* v. *Stickney*, 38 Maine, 361. *Frye* v. *Railroad*, 67 Maine, 414. For this reason, the court, in *Freeman* v. *Morey*, 41 Maine, 588, (a case in contract and not of tort) refused to allow for the loss of the use of a mill in process of construction, for which defendant neglected to furnish such mill-irons as he had contracted to deliver. Whether the plaintiff in that case would have finished his mill and profitably used or rented it was regarded as a matter of uncertainty. It was undoubtedly the belief of the court that such a liability was not within the intention of the parties when the contract was entered into, and that the consideration for such a risk would have been inadequate.

The New York cases, following the lead of *Hadley* v. *Baxen-*

*dale,* have a tendency to require that in contracts the damages shall be such as arise naturally in the usual course of things, and at the same time be such as must have been contemplated by the parties. Our own cases seem to affirm the same thing. Mr. Sedgwick (Damages, 6 ed., p. 81,) thinks there may be cases of damages contemplated by the parties that would not be regarded as arising naturally. But that could seldom, if ever, occur. Parties could hardly be supposed to contemplate damages that could not naturally arise, without making some express provision in relation to them. And what would appear at one standpoint as indirect or remote damages, may appear differently in the light of all the circumstances attending the contract when it is made. However that may be, and whether accepted in its wider or narrower limits, we think the case at bar easily falls within the rule.

Upon the principle laid down in *Hadley* v. *Baxendale,* it is in many cases, and we think correctly, held that where manufactured articles are ordered for a special purpose known to the seller, there is an implied warranty that they are reasonably fit and suitable for the purpose for which they are ordered, and the vendee may recover for the breach of warranty such damages as may be reasonably supposed to have been in the minds of the parties in respect to it. *French* v. *Vining,* 102 Mass. 132. *Bradley* v. *Rea,* 14 Allen, 20. *Howard* v. *Emerson,* 110 Mass. 320. Field Dam., § 277. Sedg. Dam. (6 ed.) 353, note. Par. Con., Title, Warranty. So in the present case, the warranty that the articles were of sound steel must, under the circumstances, bear the construction that the parties intended a warranty that they were suitable and fit for the particular use for which they were ordered and sold. The defendants knew, or assumed to know, of what quality of material the articles were constructed, and by their warranty relieved the plaintiffs from the necessity of personal inspection and risk.

The case of *Miller* v. *Mariner's Church,* 7 Maine, 51, is, in this respect, to the same effect as *Hadley* v. *Baxendale,* although decided a quarter of a century before the latter case. There the question was, what damages were recoverable for the failure to deliver some stones at the date contracted to be delivered, the

contractee purchasing them to use in the construction of a building in process of erection. The general rule was given to the jury, that the damages would be no more than the contractee had or would have sustained by proceeding with due diligence, upon the failure of the contractor to perform his contract, to furnish himself with the same materials elsewhere. But the contractee was permitted to recover damages for the necessary delay, as well as for the additional price occasioned by the default of the other party, the delay involving the loss of labor, if not the loss of rents. Other cases in this state present somewhat similar decisions. *True* v. *Telegraph Co.,* 60 Maine, 9. *Bartlett* v. *Telegraph Co.,* 62 Maine, 209. *Grindle* v. *Express Co.,* 67 Maine, 317. See Massachusetts cases. *Bartlett* v. *Blanchard,* 13 Gray, 429. *Derry* v. *Flitner,* 118 Mass. 131.

Special damages are to be cautiously admitted. They cannot always be rejected. In this case, we think it not unreasonable to allow the actual cost of replacing the carriage springs, if the facts are as the plaintiffs assert them to be. Although such damages are special or consequential, they are not liable to the objection of being uncertain or speculative or remote. They are such as were contemplated by the parties.

*Exceptions sustained.*

APPLETON, C. J., BARROWS, DANFORTH, VIRGIN and SYMONDS, JJ., concurred.