FYFE v. JACKSON.

(Supreme Court, Appellate Division, Second Department. November 23, 1900.)

ACTION ON CONTRACT OR IN TORT—CONVERSION—PLEADING.

    Where plaintiff consigned certain property to defendant, to be sold at not less than stated prices, and the proceeds thereof, less commissions, were to be returned to the consignor, an action brought to recover proceeds of such sales, recognizing the contract, is an action on contract, and not in tort, though the complaint alleges that defendant has wrongfully converted the money collected, and failed to account for or return the property.

Appeal from municipal court, borough of Manhattan.

Action by Robert Fyfe against Henry W. Jackson. From a judgment dismissing plaintiff's complaint, he appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

George Tiffany, for appellant.
James H. Scrimgeour, for respondent.

JENKS, J. The municipal court justice gave judgment for the defendant, dismissing the complaint on the ground that a case of conversion had not been made out, and that plaintiff should have brought his action on contract. I think that this action is on contract. The plaintiff alleged that he consigned to the defendant certain bicycles for sale, and that the proceeds of the sales, less the commission, were to be the property of the consignor. Plaintiff further pleads that the defendant sold said bicycles at prices not less than the prices agreed upon, and collected therefor a sum in excess of $322, which moneys, up to $322, became the property of the plaintiff. Plaintiff alleged that he had duly demanded the payment of the proceeds, and that defendant had wrongfully and willfully failed, neglected, and refused to pay the same, except $165.14, and that he wrongfully and willfully fails to pay over the balance of the proceeds, the property of this plaintiff, to plaintiff's damage $156.36, and concludes, "Wherefore, plaintiff demands judgment against the defendant for $156.36, proceeds, besides the costs," etc. The plaintiff was asked this question by his counsel:

"Q. I want you to tell the court how many cycles, if any, did the Reading people send during this period to the defendant, the proceeds of which you seek to recover this morning?"

And again:

"Q. So you seek to recover the proceeds of sixteen? A. Of sixteen, altogether. Q. What amounts of money should you receive as returns for the sixteen wheels? A. Three hundred and twenty-two dollars and fifty cents. Q. How much, if anything, has the defendant turned over to you for the $322.50? A. Turned over, irrespective of wheels, $165.14. Q. Then there is how much remaining still that he did not account for or turn over to you as proceeds of the sale? A. $157.36. Q. You claim that amount still remains unpaid? A. I claim that amount. The Court: Q. The proceeds were to be your property? A. They were my property, and the proceeds were mine, too. Q. Did you finally find out he sold all the wheels? A. He admitted selling all except those he returned to me. Q. Then did you demand your money? A. I demanded the money. Q. Have you made repeated efforts and demands on him for that money? A. Constantly."

On cross-examination this question was put to plaintiff:

"Q. These goods were sent to him, and he had absolute power of sale, or was he merely, as you say, to return the proceeds to you? Did he have absolute power to sell? A. He was authorized to sell at certain prices. Q. And from time to time he sold the goods by your consent? A. Yes; and he turned the proceeds to me. Q. You never consented— That makes $322.50, and he paid you, as you claim, $165? A. Yes, sir."

Thus, the complaint, and the practical construction thereof by the plaintiff, as shown by his testimony, show a cause of action for the proceeds received for sales. In the language of the court of appeals in Rosenberg v. Block, 118 N. Y. 329, 330, 23 N. E. 190:

"The plaintiffs do not attempt to disaffirm the sale and make the defendants liable for breach of instructions or for conversion, but, ratifying the sale, they seek to recover the proceeds received. Scott v. Rogers, 31 N. Y. 676; Laverty v. Snethen, 68 N. Y. 522. Thus, the action is for money had and received," etc.

I am not unmindful of the fact that the plaintiff alleges that the defendant wrongfully converted the moneys collected, and that he fails to account or to return the bicycles, but these allegations do not make the action ex delictu, but in this case they are mere surplusage. Segelken v. Meyer, 94 N. Y. 473, 484.

The judgment should be reversed, and a new trial ordered, with costs to abide the final award of costs. All concur.