(45 Misc. 348)

### FRICK et al. v. FREUDENTHAL.

(Supreme Court, Appellate Term.  November 10, 1904.)

1. COUNTERCLAIMS—ACTIONS IN TORT—USE AND OCCUPATION.

A complaint for the conversion of rents collected and received by defendant as plaintiff's agent alleged that the moneys were received by defendant in a fiduciary capacity, and that he embezzled and fraudulently misapplied the same to his own use, which allegation entitled plaintiff to an order of arrest under Code Civ. Proc. § 549, subd. 2, providing that defendant may be arrested where the action is brought for money received or embezzled by an agent or other person in a fiduciary capacity, and that, when it is so alleged in the complaint, plaintiff cannot recover unless he proves the same on the trial.  *Held*, that the complaint sounded in tort, and not in contract, though in terms it demanded judgment for a liquidated amount, with interest from a specified date, instead of damages; hence a counterclaim for the use and occupation of premises let by defendant to plaintiff was not available, under Code Civ. Proc. § 501, subd. 1, as it did not embody a cause of action "arising out of the contract or transaction set forth in the complaint as the foundation of plaintiff's claim," nor was it "connected with the subject of the action."

2. PLEADING—SURPLUSAGE.

Under Code Civ. Proc. § 549, subd. 2, providing that defendant may be arrested where the complaint alleges that the money sued for was received or fraudulently misapplied by an agent or other person in a fiduciary capacity, and that, where such allegation is made, plaintiff cannot recover unless he proves the same on the trial, such an allegation, when made, cannot be rejected as surplusage.

3. SAME—PRAYER FOR JUDGMENT—EFFECT.

The prayer for judgment forms no part of the statement of the cause of action, and, though it may be resorted to for the purposes of ascertaining the pleader's intention where the complaint is ambiguous, it cannot control the nature of the action as against a clearly expressed intention to the contrary.

Appeal from City Court of New York, Trial Term.

Action by George F. Frick and another against William Freudenthal.  From an interlocutory judgment sustaining a demurrer to defendant's counterclaim, defendant appeals.  Affirmed.

The action was brought to recover for the conversion of rents of certain premises which were collected by defendant as plaintiffs' agent.  The counterclaim set up the use and occupation of premises let by defendant to plaintiffs.

Argued before FREEDMAN, P. J., and BISCHOFF and FITZGERALD, JJ.

Michael C. Gross, for appellant.

Adolph Block (William L. Mathot, of counsel), for respondents.

BISCHOFF, J.  The complaint, as we read and construe it, is and was intended to be in tort, for the conversion of rents of certain real property alleged to have been collected and received by the defendant as the plaintiffs' agent, and not upon contract, for money had and received to the plaintiffs' use.  This is apparent from the allegations that the moneys were received by the defend-

¶ 3. See Action, vol. 1, Cent. Dig. § 175.

ant in a fiduciary capacity, and that he has embezzled and fraudulently misapplied the same to his own use. The purport of these allegations is obvious. It is to enable the plaintiffs to cause the defendant's arrest pending the action and to enforce a judgment in their favor by execution against the defendant's person. Code Civ. Proc. § 549, subd. 2, and section 1487, subd. 2. Nor should these allegations be treated as surplusage, as the defendant contends they may be (Fyfe v. Jackson, 55 App. Div. 74, 66 N. Y. Supp. 972), since their substantiation by proof upon the trial is material to the plaintiffs' right of recovery (Code Civ. Proc. § 549, subd. 2). True, the prayer of the complaint in terms demands judgment for a liquidated amount, with interest from a specified date, and not for damages, as is ordinarily the case in actions sounding in tort; but the prayer for judgment forms no part of the statement of the cause of action. It may, where the complaint is ambiguous, be resorted to for the purposes of ascertaining the pleader's intention; but it cannot control the nature of the action as against a clearly expressed intention to the contrary. The counterclaim did not embody a cause of action "arising out of the contract or transaction, set forth in the complaint as the foundation of the plaintiffs' claim," nor was it "connected with the subject of the action" (Code Civ. Proc. § 501, subd. 1), and the demurrer thereto was properly sustained.

Judgment affirmed, with costs to respondents. All concur.