HERLDING W. CARSON vs. DAVID A. CALHOUN.

Cumberland.     Opinion July 10, 1906.

*Contracts.   Lord's Day.   Pleadings.   Money Counts Limited by Specification.*
*R. S., c. 125, § 25.*

Revised Statutes, chapter 125, section 25, reads as follows: "Whoever, on the Lord's Day, keeps open shop, workhouse, warehouse or place of business, travels, or does any work, labor or business on that day, except works of necessity or charity; uses any sport, game or recreation; or is present at any dancing, public diversion, show or entertainment, encouraging the same, shall be punished by fine not exceeding ten dollars."

The plaintiff performed certain plumbing work in a certain hotel, on the Lord's Day. This work was not a work of "necessity or charity." *Held:* that the plaintiff cannot recover for his labor so performed in violation of the aforesaid statute.

In addition to the "account annexed," the plaintiff's writ contained the general money counts with the following specification: "Under the money counts the plaintiff will claim to recover the sums named in the first count of his writ being money earned by said plaintiff for labor performed by said plaintiff at White Oak Spring Hotel at Poland, Maine." *Held:* that the claim of the plaintiff is restricted and his right to recover limited by his specification, and under the pleadings he cannot avail himself of evidence of money had and received.

On exceptions by plaintiff.     Overruled.

Assumpsit on account annexed to recover the sum of fifteen dollars for labor as a plumber performed by the plaintiff for the defendant, and which said labor was performed on the Lord's Day, and was not a work of "necessity or charity." The writ also contained the common money counts added as an amendment, with the following specification: "Under the money counts the plaintiff will claim to recover the sums named in the first count of his writ being money earned by said plaintiff for labor performed by said plaintiff at White Oak Spring Hotel at Poland, Maine." Plea, the general issue.

The action originated in the Municipal Court of Portland, and from thence was taken on appeal to the Superior Court, Cumberland

County.   Tried at the December term, 1904, of said Superior Court. After the plaintiff's evidence was all in, the defendant moved for a nonsuit on the ground that the plaintiff had failed to make out a case in law, and the motion was granted, and thereupon the plaintiff excepted.

The case fully appears in the opinion.

*Connellan & Connellan,* for plaintiff.

*Anthoine & Talbot,* for defendant.

SITTING:   EMERY, STROUT, SAVAGE, POWERS, PEABODY, SPEAR, JJ.

PEABODY, J.   This was an action of assumpsit on account annexed to recover for plumbing work performed on the Lord's Day.   The account in the writ is as follows:

" Portland, Maine.

David A. Calhoun

　　　　　To Herlding W. Carson, Plumber,　　　　　Dr.

Sunday work performed at double time.

　　　　　White Oak Hill Spring Hotel, Poland, Maine.

　　Sunday

Aug.　4, 1901,　　.　　.　　.　　.　　.　　.　　.　　$ 5.00

　" 11,　"　　　.　　.　　.　　.　　.　　.　　.　　5.00

　" 18,　"　　　.　　.　　.　　.　　.　　.　　.　　5.00

　　　　　　　　　　　　　　　　　　　　　　　　$15.00 "

By amendment the money counts were annexed to the writ with the following specification:

*"Specification:* Under the money counts the plaintiff will claim to recover the sums named in the first count of his writ being money earned by said plaintiff for labor performed by said plaintiff at White Oak Spring Hotel at Poland, Maine."

The plaintiff thus invokes the aid of the court to assist him in recovering for labor performed in violation of the statute R. S., chap. 125, sec. 25.   The unlawful acts were not only made the basis of

the suit but were also proved by the testimony of the plaintiff himself. On motion of the defendant the presiding judge ruled that the action was not maintainable and ordered a nonsuit, and the ·case comes before this court upon the plaintiff's exceptions to this ruling.

The plaintiff seeks to maintain his exceptions on the ground that evidence was introduced tending to show that the defendant had received money on account of the labor which was the subject of this action. The case, however, does not come within the exception of R. S., chap. 84, sec. 131, which applies to contracts express or implied made upon the Lord's Day. In the case at bar the objection is not to the time of making the contract, but concerns the actual performance of labor which was forbidden by statute. Whatever remedies the plaintiff may have by other actions at law or in equity, the court can recognize no valid contract or implied promise based on the work done on the Lord's Day set forth in this declaration. It is a well established principle that in cases of this kind the law leaves the parties where their illegal contract left them, and will render asistance to neither. *Bridges* v. *Bridges*, 93 Maine, 557, and cases cited. *Greenough* v. *Balch*, 7 Maine, 461. *Bank* v. *Robinson*, 42 Maine, 589. *White* v *Buss*, 3 Cush. 448. *Thompson* v. *Williams*, 58 N. H. 248. Keener on Quasi-Contracts, 270.

The claim of the plaintiff is restricted and his right to recover limited by his specification, and under the pleadings he cannot avail himself of evidence of money had and received. *Gooding* v. *Morgan*, 37 Maine, 419. *Babcock* v. *Thompson*, 3 Pick. 446. *Smith* v. *Kirby*, 10 Met. 150.

*Exceptions overruled.*