## MARK BERMAN vs. E. P. LANGLEY.

Androscoggin County.   Decided June 17, 1918.   This is an action of assumpsit to recover eight hundred dollars paid by the plaintiff as part of the agreed price of one National Highway Six Automobile, and is before the court on the plaintiff's exceptions, (1) to the ruling of the presiding Justice excluding the contract between the parties, and (2) an order of nonsuit.

The declaration contained four counts, the first two alleging a breach of warranty in the sale of the automobile, the third for money had and received, and the fourth the general omnibus count, with the specification "that under the latter the plaintiff will rely upon the evidence to be introduced under counts one and two in this declaration as constituting grounds for the rescission of his contract and that the evidence to be introduced under these counts will amount to a rescission of his contract and thereby entitle him to recover the money paid by him on account of said automobile."

The plaintiff in his brief abandons the first count, and as to the second says, "plaintiff under this count does not seek to enforce the contract, he does not attempt to recover damages for its breach.   Nor does he attempt to enforce his rights under it.   But, on the contrary, he says the sealed contract has been terminated—ended—and as a result of its termination the defendant is unjustly enriched and has of the plaintiff's money the sum of eight hundred dollars.   Plaintiff offers the sealed contract in evidence, not to support his claim for damages for its breach, but to prove the status of the parties, and to show the circumstances under which the defendant unjustly came into possession of his money."

The contract in question contained the usual clause that the automobile to be delivered should be "in good order and condition," and a further and final provision "that the vendor shall keep said car in repair for the term of one year from this date on account of any imperfections in the construction of said car at time of delivery to said purchaser or his agent."   The contract is printed in the record; the only provisions of moment here are as quoted above.

A perusal of the evidence in the case, in view of the plaintiff's pleadings and contention that (1) there was a written contract

between the parties, (2) that the contract contained the provision that the automobile should be in good order and condition when delivered, (3) that the vendor shall keep said car in repair for the term of one year, etc., etc., and (4) that the contract was broken by the defendant and for that reason rescinded by the plaintiff, persuades us that in directing a nonsuit the trial Judge erred. The questions involved were nearly if not quite all properly for the jury and not for the court. The entry must be. Exceptions sustained. *Benjamin L. Berman, and Jacob H. Berman,* for plaintiff. *J. G. Chabot,* for defendant.