304

JOHN F. CAREY

*vs.*

CHARLES R. PENNEY.

Waldo.        Opinion Sept. 18, 1928.

*Buzzell & Thornton,* for plaintiff.
*Harvey D. Eaton,*
*McLean, Fogg & Southard,* for defendant.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, BARNES, PATTANGALL, JJ.

DEASY, J. Action of assumpsit for money had and received. The following specification of claim was filed.

"SPECIFICATION:—Under this count the Plaintiff will prove that the above sum of six hundred and fifty dollars was paid by the Plaintiff, John F. Carey, to Charles R. Penney, the Defendant, or to his agent, Roy C. Fish, as the first payment under a contract for the purchase of the farm and other property by the said John F. Carey, which contract the said Charles R. Penney has not carried out, or completed."

The plaintiff offered evidence to prove "false statements and pretences and misrepresentations made to the plaintiff, by one Roy C. Fish an agent of the Strout Farm Company which company had been employed by Mr. Penney to negotiate the contract for sale of the farm in question." This testimony was admitted subject to the defendant's objection and exception.

Verdict for plaintiff.

An action for money had and received is equitable in its nature and lies to recover any money in the hands or possession of the defendant which in equity and good conscience belongs to the plaintiff. *Fletcher* v. *Belfast*, 77 Me., 334; *Pease* v. *Bamford*, 96 Me., 23; *Dresser* v. *Kronberg*, 108 Me., 423; *Dow* v. *Bradley*, 110 Me., 249.

But the plaintiff "is limited in his proof to the specification of his claim." *Sereto* v. *Railway*, 101 Me., 143.

"The claim of the plaintiff is restricted and his right to recover limited by his specification." *Carson* v. *Calhoun*, 101 Me., 456; *Brown* v. *Rouillard*, 117 Me., 56.

"It gives notice of the claims which plaintiff proposed to litigate and limits him to the items of the bill (specification) unless leave of court is obtained to add to them." 5 C. J. 1402.

A count in ordinary form alleging a promise in consideration of money had and received is demurrer-proof though no specification is filed. If a specification is filed, whether by direction of court or without such direction, proof is limited by it.

This is the very purpose of a specification. It gives the de-

fendant information of what charges he must be prepared to meet.

The limitation is in the pleading, not in the rule; it affects the procedure, not the right; it is self-imposed, not law-imposed.

In the present case, "false statements, pretenses and misrepresentations" not having been claimed or referred to in the specification could not properly be shown in evidence. It is unnecessary to consider the motion.

*Exception sustained.*