JOHN L. DUFOUR ET AL *vs.* FRANK STEBBINS, EXECUTOR.

Androscoggin.  Opinion April 23, 1929.

*L. A. Jack,*
*Frank H. Haskell,* for plaintiffs.
*Skelton & Skelton,* for defendant.

Sitting: Wilson, C. J., Dunn, Sturgis, Barnes, Pattangall, Farrington, JJ.

Sturgis, J.   In this action of assumpsit, brought to this court on a general motion and exceptions, a brief preliminary review of the important facts in evidence seems necessary.

The defendant's testatrix, Azilda Stebbins, was the mother of the plaintiff, Delia A. Dufour. Prior to November, 1921, Delia and John Dufour, her husband, had been living on the river road, so-called, with Mrs. Dufour's parents, Mrs. Stebbins, the deceased, and her husband, George W. Stebbins. November 5, 1921, the Dufours having acquired a home in Auburn, an arrangement was made whereby the Dufours, in consideration of the payment to them of $3,000 by Mr. and Mrs. Stebbins, agreed to support and maintain the latter for the rest of each of their natural lives, with provision for penalty in case the arrangement should not prove a happy one for either of the parents.

This agreement was evidenced by a writing mutually signed by all the parties, and went into effect. The $3,000 was paid by the parents, and the daughter and her husband supported them, so far as the record discloses, in accordance with the terms of the agree-

ment. The arrangement, however, was short lived. On December 1, 1922, it was rescinded. Mr. and Mrs. Dufour paid back the money which Mrs. Dufour's parents had advanced, and they in turn released all claims under the agreement and moved into a home of their own at Lisbon. This rescission agreement was also in writing and signed by all of the parties.

It is out of the incidents and conversations which the plaintiffs say took place when this rescission agreement was made that they here claim a liability on Mrs. Stebbins' part arose, and for which they seek here to charge her executor. George C. Webber, a practicing attorney at Auburn, called as a witness by the plaintiffs, testifies that while he was preparing the rescission agreement of December 1, 1922, the following took place:

"A. Well, Mrs. Stebbins said that she considered that she owed John L. Dufour and Delia Dufour, her daughter — called them by name, son-in-law and daughter — $2,000. And she wanted to know if she could put it in a bank book, payable to them, to her, or for her survivor. I am not sure about that though. She may have said both of them ; and I told her no, that the only way she could do that was by a will. And when I read this agreement —

Q. I would like to enquire whether that was before or after the contract was executed?

A. Well, it was while it was being drawn. She said that she would draw a will right there, and she asked me when I read this paper to her if that clause could not be incorporated into this paper that they were to have $2,000 at her death in addition to the divisional share of the estate, as I understood it to be divided equally between the children and they to have $2,000 additional. I told her no, that the only way it could be done was to draw a will and when this contract was signed I supposed —

A. It was understood. She said —

A. That she would make this will right then and there, and when the contract was signed she got up, much to my surprise, and said, 'I have got some things to do at Lisbon Falls and I will be back this afternoon or tomorrow morning, and probably this afternoon, and draw that will.' And they went out. And she did not come back in the afternoon or the next morning. And it fixed itself on my memory because of that thing very strongly. I think I stated

that she said that she owed that money to those two people."

With admissions that Mrs. Stebbins did not pay the Dufours the $2,000 which Mr. Webber says she discussed with him, nor did her will when probated contain a provision therefor, the evidence was closed.

MOTION.

The plaintiffs by their general motion urge in the usual form that the verdict for the defendant is against evidence, and the weight of evidence, and is against law. As the case presents itself, these questions may well be determined first.

A careful analysis of the pleadings discloses that the plaintiffs' right of recovery, if there be such, is based on an alleged express contract declared upon specially in the first count of their declaration, and the gist of their action as specified in the second or omnibus count.

The first count sets out that Azilda Stebbins in her lifetime, etc., "in consideration that the plaintiffs would join in the execution of a release of the said Azilda Stebbins and her husband, George W. Stebbins, from the obligations of a certain agreement for support theretofore made and existing by and between the plaintiffs and the said Azilda Stebbins and her husband, George W. Stebbins, promised the plaintiffs that she, the said Azilda Stebbins, would pay to the plaintiffs in money or make her will and therein provide that the plaintiffs should receive the sum of two thousand dollars in addition to the share of the estate of the said deceased to which the said Delia A. Dufour would be entitled upon a division of the remaining property of said Azilda Stebbins," and concludes with averments that Mrs. Stebbins did not pay the money in her lifetime nor make her will providing for its payment, and the claim having been duly filed in the Probate Court the defendant as executor has not paid the same.

The limitations upon the plaintiffs' recovery under this declaration are well settled. The averment is that the decedent "in consideration that the plaintiffs would join in the execution of a release" etc., made the promise relied upon. The proof is that "Mrs. Stebbins said she considered that she owed John L. Dufour and Delia Dufour, her daughter — called them by name — son-in-law

and daughter — $2,000," and upon that consideration made the promise alleged. Clearly there is a conflict between allegation and proof.

Giving full credence to Mr. Webber's testimony, the contract thereby established is not the contract relied upon by the plaintiffs. They can not recover by proving another and different contract from that set forth in their declaration. *Kidder* v. *Flagg*, 28 Me., 477; *Porter* v. *Porter*, 31 Me., 169, 172; *Gilman* v. *Bradford*, 82 Me., 547, 550; *Gilbert* v. *Gerrity*, 108 Me., 258; 1 Chitty on Pleading, 298; 21 R. C. L., 608 et seq.; 13 C. J., 723, 753. The decedent's undertaking as alleged in the first count of the declaration is, for failure of proof, without consideration, and a verdict for the plaintiffs thereon could not stand.

Turning to the second count of the declaration which is an omnibus count, we find that the plaintiffs have restricted their claim of recovery by the specifications which read:

"Under the foregoing money counts the plaintiffs will claim to recover, upon proof of the promises of said deceased to pay the plaintiffs the sum of two thousand dollars in money or to make her will providing for the payment to the plaintiffs of said sum, as heretofore alleged, in accordance with the agreement made with the plaintiffs on the fifth day of November, 1921, as hereinbefore set forth."

Their proof is thus limited and their right of recovery accordingly restricted. *Gooding* v. *Morgan*, 37 Me., 419, 423; *Carson* v. *Calhoun*, 101 Me., 456, 458. Their "claim to recover" is upon the alleged promise and agreement of the decedent "as heretofore alleged" and "as hereinbefore set forth" only in the first count. It is not, as stated in the bill of exceptions, "for labor, care, board, clothing, and money expended for the maintenance and support" of the decedent and her husband. By the limitations of their specifications their right of recovery depends on proof of the existence of the special contract. Had they done this, upon proof of full performance of the contract on their part, with nothing but the payment of money due from the decedent, they could recover in indebitatus assumpsit. *Poole* v. *Tuttle*, 11 Me., 468; *Holden Steam*

*Mill* v. *Westervelt*, 67 Me., 446, 450; *Elm City Club* v. *Howes*, 92 Me., 211; *Rogers* v. *Brown*, 103 Me., 478. This is the only "claim to recover" open to them upon these pleadings.

Failing to prove the special contract, the plaintiffs can not recover under the second count. If we assume without adoption the correctness of the rule accepted in many jurisdictions that a person may make a valid enforcible contract to dispose of his property by will in a particular way, 28 R. C. L., 64; 40 Cyc., 1063, and numerous cases cited, in the instant case the promise so to do lacks of record consideration and can not bind the decedent. No express contract is proven under which the plaintiffs can show full performance on their part or payment of money due from the decedent. Their "claim to recover" lacks proof.

It *is* urged, however, by counsel on the brief that the plaintiffs have a right of recovery under the second count for labor, care, board, clothing, and money expended for the maintenance and support of the decedent and her husband. That is not the claim to recover specified; and while specifications are not required to be exact in form, they must truly state the ground of claim, the gist of the action, and recovery is limited to that claim. *Goodwin* v. *Morgan*, supra. The plaintiffs can not avail themselves of evidence tending to prove another case. *Carson* v. *Calhoun*, supra. Having elected to restrict their specifications within the limits of the contract alleged in the first count, the plaintiffs must abide their election.

Upon the motion, for the foregoing reasons, we must hold that the verdict below was clearly right and must stand.

EXCEPTIONS.

The plaintiffs reserved numerous exceptions to the charge of the presiding Justice. In view of the conclusion of the court upon the motion it becomes immaterial whether the instructions given were right or wrong. Upon the law, the pleadings and the evidence, whatever the errors in the instructions of the Court as abstract principles of law may be, the result of the trial was right. If the Court erred, the jury did not. No one of the instructions given could affect the limitations upon the plaintiffs' recovery already pointed out in this opinion. As in *Gordon* v. *Conley*, 107 Me., 286,

292, the court is fully satisfied that the case has been rightly decided, and the result should not be disturbed because of abstract errors of law, if they exist, which could not and did not prejudice the plaintiffs. The exceptions must be overruled.

*Motion overruled.*
*Exceptions overruled.*