HERBERT T. POWERS

*vs.*

CHARLES ROSENBLOOM, APLT.

Cumberland. Opinion, December 8, 1948.

*Pinansky & Pinansky,* for plaintiff.

*Clifford E. McGlaughlin,* for defendant.

SITTING: STURGIS, C. J., THAXTER, MURCHIE, TOMPKINS, FELLOWS, MERRILL, JJ.

MERRILL, J. On exceptions. This case, which had been appealed from the Municipal Court for the City of Portland, was heard in the Superior Court for Cumberland County by the presiding justice who rendered judgment for the de-fendant. The plaintiff's exceptions to this ruling were allowed.

The declaration contains three counts. The first is assumpsit upon an account annexed. The second is a special count alleging both express and implied warranties by the defendant respecting the condition of a refrigerator sold by him to the plaintiff for the sum of one hundred dollars, which the plaintiff paid, a breach of the warranties, a tender of the return of the refrigerator to the defendant and a demand for the return of the purchase price and refusal thereof by the defendant. This count is for the recovery back of the purchase price as such, not for damages for breach of warranty. The third count consists of the consoli-

dated money counts with a specification. The specification is as follows:

"Under this count the plaintiff will show that the defendant owes him the sum of one hundred dollars ($100.00) for money had and received for a certain box which the defendant sold to the plaintiff as a General Electric Refrigerator supposed to be in good working condition but which in truth and fact was unfit for the use for which it was sold by the defendant to the plaintiff and was entirely useless and of no value, all of which the defendant knew at the time he sold the same to the plaintiff and took the plaintiff's money, therefor, to wit, the sum of one hundred dollars ($100.00) which sum was paid to the defendant by the plaintiff, and the sum, therefore, was had and received by the defendant and which sum was demanded by the plaintiff from the defendant and he, the defendant, refused to pay back to the plaintiff, and, therefore, owes him said sum."

The Sales Act, which is found in Chap. 171 of the R. S. provides that where there has been a breach of warranty, the buyer may, at his election,

"accept or keep the goods and maintain an action against the seller for damages for the breach of warranty." R. S., Chap. 171, Sec. 69, Par. I, Subsec. B.

"rescind the contract to sell or the sale and refuse to receive the goods, or if the goods have already been received, return them or offer to return them to the seller and recover the price or any part thereof which has been paid." Sec. 69, Par. I *supra*, Subsec. D.

It is further provided in said section:

"Where the buyer is entitled to rescind the sale and elects to do so, the buyer shall cease to be liable for the price upon returning or offering to return the goods. If the price or any part thereof has already been paid, the seller shall be liable to repay so much thereof as has been paid, concurrently with the return of the goods, or immediately after

an offer to return the goods in exchange for repayment of the price." Sec. 69 *supra*, Par. IV.

"The measure of damages for breach of warranty is the loss directly and naturally resulting, in the ordinary course of events, from the breach of warranty." Sec. 69 *supra*, Par. VI.

"In the case of breach of warranty of quality, such loss, in the absence of special circumstances showing proximate damage of a greater amount, is the difference between the value of the goods at the time of delivery to the buyer and the value they would have had if they had answered to the warranty." Sec. 69 *supra*, Par. VII.

These provisions of the statute are in accord with the common law decisions of this court which hold that the buyer may rescind a contract of sale for breach of warranty and recover back the purchase price; *Marston* v. *Knight*, 29 Me. 341; or he may sue on the warranty and recover as damages, the difference between the actual value of the goods at the time of sale and what they would have been worth if they had answered to the warranty; *Moulton* v. *Scruton*, 39 Me. 287; and in special instances additional damages. *Thoms* v. *Dingley*, 70 Me. 100; 35 Am. Rep. 310.

These remedies between which the buyer is given an election are inconsistent one with the other. The action to recover damages for breach of warranty, is an action on the contract of warranty. The contract is affirmed and the buyer seeks to recover the damages occasioned by its breach. On the other hand, the action to recover back the purchase price following a rescission based upon a breach of warranty, is not an action on the contract of warranty. Such action presupposes that the contract of sale has been avoided by the buyer because of the breach of warranty, that title to the goods sold has revested in the seller and that the seller is under an obligation to return the purchase price to the buyer. In the case of rescission the law implies a promise on the part of the seller to return the purchase price received by him to the buyer as so much money had and re-

ceived to the buyer's use. The action for breach of warranty is an action upon an express contract. The action to recover the purchase price following a rescission is upon an implied contract. In an action for breach of warranty, the purchase price paid by the buyer does not in any way form the basis of recovery. True the purchase price paid may be evidence on the question of value. Recovery, however, is not of what was paid, but it is the difference between the actual value of the article purchased and what it would have been worth had it answered to the warranty.

The first count in the plaintiff's declaration is in form assumpsit on an account annexed but the record discloses no account as so annexed. This count in the declaration was not referred to in the bill of exceptions nor in the oral or written arguments submitted, and in the determination of the exceptions may be disregarded as abandoned.

As stated above, the second count in the declaration sets forth a sale by the defendant to the plaintiff, warranties, breach thereof, rescission by the plaintiff, and seeks only to recover the purchase price as such. In this count, the alleged rescission by the plaintiff is based upon a tender back of the property purchased, which was refused by the seller. These allegations, if sustained by proof, are sufficient to entitle the plaintiff to recover the purchase price paid under R. S., Chap. 171, Sec. 69, Par. V.

In order to recover the purchase price, based upon an offer to return the goods purchased, the buyer must adhere to his tender and act consistently therewith.

> "Moreover, after an attempted rescission by the buyer of chattels, which the seller has not accepted, the buyer, if he intends to rely upon it, must adhere thereto and act consistently therewith, and if he thereafter continues to use the property as his own, he may be held to have waived or abandoned the rescission, and may be precluded from rescinding or asserting a claim that he has rescinded; in other words, the use of chattels sold, by the purchaser, after the seller has refused the latter's ten-

der of them in a rescission of the contract defeats the attempted rescission, if the property was used for the personal benefit of the purchaser, and not merely in compliance with his duty as bailee of the seller. This doctrine finds support in numerous cases." 46 Am. J., Sales, Sec. 765 at Page 896.

These cases are collected in an exhaustive note found in 77 A. L. R. Page 1178 et seq. This principle is recognized in *Libby* v. *Haley,* 91 Me. 331; 39 A. 1004. In that case the court held that the question as to whether or not the plaintiff has abandoned his attempted rescission is one of fact for the jury. That case recognized the principle that if after a tender of return and its refusal, the buyer uses the property *as his own,* such use would be a waiver of his rescission.

In the present case, the undisputed evidence shows that after the plaintiff tendered the property back to the defendant and demanded repayment of the purchase price, he removed the working parts of the refrigerator, sold them for junk, replaced them with new parts at an expense of over one hundred dollars, and thereafterwards refused to redeliver the refrigerator to the defendant upon his offer to repay the purchase price, and that the plaintiff removed the property to his camp and there used the refrigerator as his own. These facts would justify the presiding justice in finding that the rescission had been abandoned and waived. Therefore, the decision of the presiding justice that the plaintiff could not recover the purchase price under the second count, based upon his rescission alleged therein must be sustained.

The plaintiff's suggestion that the presiding justice should have treated the allegations respecting the rescission and the claim to recover the purchase price as surplusage, and thus transform the count into a count to recover damages for breach of the special contract of warranty, is not tenable. The Sales Act, as above quoted, gives the buyer an election between remedies. He may sue upon the warranty for damages or rescind and bring an action to recover back

the purchase price following the rescission. As above held herein, these are separate, distinct and inconsistent grounds of action. In the second count, the plaintiff elected to sue to recover back the purchase price following rescission upon his part. The allegations which the plaintiff would have the court treat as surplusage were allegations necessary to the cause of action which he sought to enforce therein. The second count is manifestly though inartificially drawn to recover purchase price following a rescission. The allegations of warranty, breach thereof and rescission were necessary allegations to that cause of action. The allegations of warranty and breach thereof were not made as allegations of a cause of action, but were set forth as the grounds for the rescission which gave rise to the cause of action to recover the purchase price. Each of them tendered an issue which the defendant joined. Failure to prove any one of them, or proof that the rescission had been waived would defeat the cause of action upon which the plaintiff sought to recover in the second count. None of them were surplusage. Whether or not an allegation is surplusage depends upon the pleading, not upon the proof. If the allegation is one of an issuable fact necessary to the cause of action set forth in the pleading, it does not become surplusage because of failure to prove it. The character of the action is determined by the declaration. See *Heal* v. *Fertilizer Works,* 124 Me. 138-144; 126 A. 644.

"Allegations necessary for recovery cannot be rejected as surplusage." 49 C. J. 85 n. 30. a. *Head* v. *Powell,* 211 (Mo. A.) 310; 245 SW 618; *Frick* v. *Freudenthal,* 45 Misc. 348; 90 N. Y. S. 344; *Buchanan* v. *Jencks,* 38 R. I. 443; 96 A. 307; 2 A. L. R. 986.

"The rule permitting the deleting of words in a complaint as surplusage, is that where descriptive words are used, which, if deleted, *leave the cause of action stated as before,* (emphasis ours) such words may be treated as surplusage." *Palmer et al.* v. *Miller,* 43 N. E. (2nd) (Ill.) 973-976; 380 Ill. 256.

The allegations of a tender back of the refrigerator and its refusal by the defendant were necessary to the cause of action upon which the plaintiff sought recovery in the second count. The evidence, however, disclosed a waiver of the plaintiff's right to rely upon this tender and refusal and so defeated the cause of action upon which he sought to recover. Having failed to establish this cause of action, neither he nor the court can treat allegations which were necessary to the cause of action sought to be enforced as surplusage, and thereby transform the count into one based upon a separate, distinct and inconsistent cause of action. The proof showing that the rescission had been waived and abandoned, the decision of the presiding justice for the defendant on the second count should not be disturbed. The plaintiff has no cause for complaint when the presiding justice renders his decision on the facts as they apply to the cause of action which the plaintiff himself elected to pursue.

As a third count in the declaration the plaintiff inserted the consolidated money counts, with the specification heretofore set forth. Having specified the grounds of his cause of action under the money counts, the plaintiff is confined to his specification as a basis of recovery thereunder. *Carson v. Calhoun,* 101 Me. 456; 64 A. 838; *Gooding v. Morgan,* 37 Me. 419; *Carey v. Penney,* 127 Me. 304; 143 A. 100; *Dufour v. Stebbins,* 128 Me. 133; 145 A. 893. As said in *Carey v. Penney, supra*:

"A count in ordinary form alleging a promise in consideration of money had and received is demurrer-proof though no specification is filed. If a specification is filed, whether by direction of court or without such direction, proof is limited by it."

If the count and specification be interpreted as seeking to recover the purchase price paid on the ground of total failure of consideration, the proof fails to sustain the claim. The presiding justice was justified upon the evidence in finding that the refrigerator as purchased was not so totally

valueless that the plaintiff could keep it, as he did, and recover back the entire purchase price on the ground of total failure of consideration.

Even if open to him under his specification, we have already shown that the plaintiff could not recover as a result of rescission on his part. That right had been waived.

Nor can the plaintiff in an action for money had and received recover damages for a breach of warranty of the quality of goods purchased, amounting to less than a total failure of consideration.

The money counts are inappropriate for the recovery of unliquidated damages caused by a breach of warranty respecting the quality of goods sold. *Russell* v. *Gillmore,* 54 Ill. 147; *Hunt* v. *Sackett,* 31 Mich. 18. See also *Towers* v. *Barrett* 1 T. R. 133; 99 Eng. Reprint 1014; *Payne* v. *Whale,* 7 East 105; 103 Eng. Reprint 105; *Power* v. *Wells,* 2 Cowp. 818; 98 Eng. Reprint 1379. See also Dane Abr. Chap. 9, Art. 5, Sec. 6, where the author says respecting the action of money had and received based upon a failure of consideration:

> "So if money be paid for a horse *warranted* sound, and he is *unsound,* and there is an immediate return of him, but otherwise the action must be on the *warrantee,* 'it is *not having the stipulated consideration,* and not its *want of value* which the doctrine respects.' "

The rule that a partial failure of a non-apportionable consideration may not be recovered in an action for money had and received is well stated by Keener as follows:

> "If, however, the failure of consideration is only partial, and the money paid by the plaintiff under the contract is not by the terms of the contract apportionable with reference to the performance of the defendant, there can be no recovery for money had and received." Keener Quasi Contracts, 304.

Speaking of the action for money had and received, American Jurisprudence says:

> "It lies where there is an express promise, if nothing remains to be done but the payment of money, but it is not a proper form of action to recover damages for breach of an actual subsisting or executory contract." 4 Am. J., 509. See *Cox* v. *Gross*, 122 So. (Fla.) 513; 97 Fla. 848.

If there be no rescission the contract of warranty remains in full force and recovery for its breach sounds in damages. Here the failure of consideration occasioned by the breach of warranty was only partial. The money paid by the plaintiff was not under the terms of the contract apportionable with reference to the performance of the defendant. Therefore, under the common counts, limited as they were by the specification to a claim for money had and received, no recovery may be had for the damages occasioned by the alleged breach of warranty.

The cases of *Mitchell* v. *Emmons*, 104 Me. 76; 71 A. 321 and *Berman* v. *Langley*, 117 Me. 559; 104 A. 65, cited and relied upon by the plaintiff are not at all inconsistent with the principles of law herein announced. Neither of these cases hold nor do they even intimate that there can be a recovery for breach of warranty respecting the quality of goods sold under a count in *indebitatus assumpsit*. In neither of these cases did the plaintiff recover damages for breach of the alleged warranty. In both of them recovery of the purchase price was allowed as money had and received by the defendant to the use of the plaintiff following a rescission of the contract of sale because of the breach of warranty. Such was the recovery sought by the plaintiff herein. Unfortunately, from his standpoint, the evidence disclosed that he had waived his right to the relief which he claimed.

The foregoing principles of law are decisive of the several exceptions alleged by the defendant.

The first and second exceptions are based on alleged erroneous findings as to the nature of the warranties. These errors, if errors they were, are immaterial. Under the law governing the case, the plaintiff could not have recovered *in this action* even if all of the warranties set forth in the declaration were made and broken.

We have already disposed of the third exception. Whether or not the refrigerator was utterly worthless was a question of fact for the determination of the presiding justice. His determination of fact, if there be any evidence to support it, is final. We cannot say that the evidence as a matter of law required him to find that the refrigerator as purchased was utterly worthless or even of so little value that the plaintiff could keep it as his own and not thereby waive his rescission. Nor was he required to find it so valueless that there was a total failure of consideration. Neither was there error in law in not finding for the plaintiff "upon the law and evidence in the case," as is alleged in the fourth exception; nor was there error in law in not finding for the plaintiff "on the common count with specifications" as alleged in the fifth exception.

The plaintiff takes nothing under any of his exceptions.

*Exceptions overruled.*